DAVID, J.
 

 Plaintiff holds a default judgment against defendant upon a promissory note for indebtedness, not incurred for a necessary of life. Defendant’s wages in the hands of his employer were garnished on three successive occasions, and since judgment, one execution levy was made upon them. In each instance, defendant claimed full exemption under Code of Civil Procedure, section 690.11, by verified affidavits, and a corporate officer of the plaintiff corporation filed a counter affidavit, in a stock form, asserting “that affiant is informed and believes and therefore alleges that the moneys claimed exempt by defendant are not necessary, for his support or that of his family.”
 

 The defendant’s verified affidavits established that the earnings garnished were his weekly wages as a janitor, earned within the 30 days prior thereto, urgently needed for the support of himself and his family, consisting of a wife and seven minor children. The needs listed in each instance far exceeded the levy. Except upon the last levy, the parties did not set the contested claim of exemption for hearing, whereupon pursuant to Code of Civil Procedure, section 690.26, subdivision (7), the sum held each time by the county marshal was released to defendant after the statutory delay. Upon the last levy, affidavits were filed as in the previous instances, but defendant brought on the hearing on the exemption claim, and in addition, moved the court for an order restraining plaintiff from executing any further attachments or writs of execution upon defendant’s wages, pending further order of the court.
 

 Defendant’s motion was supported by an affidavit whose statements were sufficient to support the conclusion that further writs against defendant’s wages will not reach any sums not exempt under Code of Civil Procedure, section 690.11, and that the only purpose of further writs would be to prejudice defendant in his employment, and to persecute, annoy, harass and inconvenience him, and put him to expense in asserting over and over again the exempt character of the wages; and that there are no circumstances at the present time or in the foreseeable future which would alter the exempt status of defendant’s wages as janitor. This affidavit was not controverted; the plaintiff did not appear at the hearing; other testimony was received on defendant’s behalf, and the
 
 *856
 
 order requested was granted, and all of the claims of exemption asserted to the various levies were allowed.
 

 (1) Under Code of Civil Procedure, section 690.26, subdivision (9), the affidavits claiming exemption, and any contesting it, are the pleadings on the motion to determine the claim of exemption but that is not all, for the code provides “both shall be received in evidence. ” An affidavit contesting the exemption on information and belief, being hearsay
 
 (Enter
 
 v.
 
 Crutcher
 
 (1958), 159 Cal.App.2d Supp. 841 [323 P.2d 586]), a trial court may dispose of the exemption claim on the affidavit of the debtor alone, if there is no other evidence. Continued use of contesting affidavits made only on information and belief, with no revelation what the information is, with consequent delay in release of sums in the hands of the marshal to defendant is a relevant circumstance in determining whether there has been an abuse of process.
 

 (2) “Successive seizures of exempt property, such as the earnings of the debtor, may give rise to an action for abuse of process.” (21 Cal.Jur.2d 536; 1 Am.Jur., Abuse of Process, § 16. ) A wrongful levy is regarded as a tort; and a levy is wrongful where it is made on property of the judgment debtor which is exempt. (33 C.J.S. 836.) Abuse of process is a contempt of court. (Code Civ. Proc., § 1209, subd. 4.) Wrongful use made of process rightfully issued may, as here, constitute an abuse of process.
 
 (Tranchina
 
 v.
 
 Arcinas
 
 (1947), 78 Cal.App.2d 522, 525 [178 P.2d 65, 67].)
 

 (3) As a court of record, established by the Constitution, article VI, sections 1, 11, a municipal court shares in “the inherent power of all courts to control
 
 and prevent
 
 abuses in the use of their process.” (Italics added.)
 
 Golden Gate etc. Co.
 
 v.
 
 Superior Court
 
 (1934), 1 Cal.App.2d 426, 432 [36 P.2d 834, 836];
 
 cf. Hart Brothers Co.
 
 v.
 
 County of Los Angeles
 
 (1938), 31 Cal.App.2d Supp. 766, 771-772 [82 P.2d 221, 224], This power does not depend upon constitutional or legislative grant but is inherently “necessary to the orderly and efficient exercise of jurisdiction.”
 
 (Corum
 
 v.
 
 Hartford Acc. & Indem. Co.
 
 (1945), 67 Cal.App.2d 891, 897 [155 P.2d 710, 713], 14 Am.Jur. p. 370, par. 171.) For other declarations of the inherent powers of courts of record, consult:
 
 Millholen
 
 v.
 
 Riley
 
 (1930), 211 Cal. 29, 34 [293 P. 69, 71];
 
 Barton
 
 v.
 
 State Bar
 
 (1930), 209 Cal. 677, 680-681 [289 P. 818, 819];
 
 Brydonjack
 
 v.
 
 State Bar
 
 (1929), 208 Cal. 439 [281 P. 1018, 66 A.L.R. 1507];
 
 Kirstowsky
 
 v.
 
 Superior
 
 
 *857
 

 Court
 
 (1956), 143 Cal.App.2d 745, 753 [300 P.2d 163];
 
 Lincoln
 
 v.
 
 Didack
 
 (1958), 162 Cal.App.2d 625, 629-630 [328 P.2d 498].
 

 (4) Appellant contends the municipal court exercised equitable jurisdiction without right, citing Code of Civil Procedure, section 89. The power to control its process does not depend upon a court’s equitable jurisdiction; it is incident to the jurisdiction to hear, decide, and give effect to judgments of all kinds. In this case, the request for the restraining order was made in defense against the repeated assertion that the wages of defendant were subject to plaintiff’s claim. If the order is equitable in character it is consistent with Code of Civil Procedure, section 89, subdivision 2, which vests the municipal court with jurisdiction over equitable matters asserted defensively.
 

 (5) Appellant contends the order was “too broad.” The “further order of the court” is available to the plaintiff at any time that it may be made to appear reasonably possible that a proposed levy will reach nonexempt wages. The right to execution generally is not restricted by the order. Proceedings for examination of the judgment debtor are available (Code Civ. Proc., §714).
 

 The order of February 5, 1958, granting the claims of exemption filed by the defendant, and ordering that further levies on personal earnings be restrained, except on order of court first obtained, is affirmed.
 

 Bishop, P. J., and Swain, J., concurred.