[Civ. No. 916. Fifth Dist. Mar. 14, 1968.]

JAMES K. STRACHAN et al., Plaintiffs and Appellants, v. AMERICAN INSURANCE COMPANY, Defendant and Respondent.

Ralph Robinson and Leonard Hartley for Plaintiffs and Appellants.

Stammer, McKnight, Barnum, Bailey and Barnett and Stephen Barnett for Defendant and Respondent.

THE COURT.—A transfer was ordered in this case because this appeal raises several basic and fundamental questions relating to the jurisdiction of a municipal court to set aside a default and default judgment taken and entered in that court which to our knowledge has never been considered by an appellate court of this state. However, after careful consideration we adopt the opinion prepared by Judge Joseph L. Joy of the Appellate Department of the Superior Court of Fresno County. This opinion reads as follows:

On November 10, 1964, plaintiffs filed an action in the Municipal Court, Fresno Judicial District, against Luella B. Hyde for damage to real property as a result of a storm. Thereafter, on May 1, 1966, an amended complaint was filed in the action which named The American Insurance Company as a defendant.

A copy of the amended complaint and the summons issued thereon was served on The Amercan Insurance Company at San Francisco, California on June 23, 1966.

The copy of amended complaint and summons was forwarded by The American Insurance Company to the Fresno office of Fireman's Fund Insurance Co. on June 28, 1966, for handling. The manager of Fireman's Fund telephoned Leon-

ard Hartley, one of plaintiffs' attorneys, and advised he had just received the copy of the amended complaint and summons, that he would be in further contact with him, and Mr. Hartley extended the time for appearance of The American Insurance Company to August 10, 1966. A letter was written to Mr. Hartley confirming the telephone conversation. There was no further contact between the Fireman's Fund manager and Mr. Hartley.

On August 12, 1966, plaintiffs filed a request for entry of the default of The American Insurance Company. The default was entered on that day. On April 17, 1967, plaintiffs filed a dismissal as to defendant Luella B. Hyde. On April 17, 1967, a request for entry of a default judgment by the clerk was filed by plaintiffs. The default judgment was not entered by the clerk. After a hearing before the court on April 28, 1967, a default judgment was granted by the court. A notice of entry thereof was mailed to The American Insurance Company on May 4, 1967. The first The American Insurance Company and Fireman's Fund knew of the entry of the default and the granting of the default judgment against respondent was when the notice of entry of judgment was received by respondent on May 5, 1967.

Respondent employed counsel and filed a motion to set aside the default and vacate the judgment on May 12, 1967. The motion was supported by affidavits setting forth facts to support the granting of the motion on equitable grounds.

The motion was heard on June 26, 1967, and granted by the court on June 27, 1967. From this order of the municipal court plaintiffs and appellants have taken this appeal.

#### ISSUE

The only issue that is involved here is whether or not the municipal court had jurisdiction to grant respondent's motion to set aside the default and vacate the default judgment.

#### THE LAW

We find no California case directly deciding the issue involved in this appeal.

The default was entered on August 12, 1966, the default judgment granted April 28, 1967, and the motion to set aside was filed May 12, 1967, some nine months after entry of the default.

There is no contention by respondent that the judgment is void on its face or that it is entitled to any relief under section 473 of the Code of Civil Procedure.

■ Respondent's motion seeks relief on the grounds that it was prevented by extrinsic factors from presenting its case to the court. The motion is for equitable relief (*Desper* v. *King* (1967) 251 Cal.App.2d 659 [59 Cal.Rptr. 657]; *Weitz* v. *Yankoski* (1966) 63 Cal.2d 849 [48 Cal.Rptr. 620, 409 P.2d 700]).

2 Witkin, California Procedure, Proceedings Without Trial, section 55(b), page 1691, states the law relative to defaults and default judgment as follows: "(1) If the defendant fails to answer within the necessary time, his 'default' may be entered. (See infra. § 57.) Up to the time of such entry he may ordinarily file his belated pleading. But the entry of default cuts off that opportunity, and, unless vacated, permanently precludes the filing of an answer. (2) After a default is entered, the case stands with an unanswered complaint, on which ordinarily the plaintiff is entitled to a 'judgment by default' or 'default judgment.' This judgment is distinct from the default."

Section 89 of the Code of Civil Procedure, setting forth the jurisdiction of municipal courts, provides: "2. Each municipal court shall have jurisdiction of all cases in equity to try title to personal property when the amount involved is not more than five thousand dollars ($5,000) and of all cases in equity *when pleaded as defensive matter,* in any case properly pending in such municipal court."*

*Olivera* v. *Grace* (1942) 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328], holds that a motion to vacate a default judgment on the grounds of extrinsic fraud or mistake is a motion addressed to the equitable powers of the court. At page 576 the court states: "Where the court that rendered the judgment possesses a *general jurisdiction in law and in equity,* the jurisdiction of equity may be invoked by means of a motion addressed to that court.'"*

The language of *Olivera* has been restated in *McCreadie* v. *Arques* (1967) 248 Cal.App.2d 39, 44 [56 Cal.Rptr. 188], where the court said: "By his motion to set aside the default and the judgment entered thereon defendant invoked the broad equitable powers of the trial court to grant relief against extrinsic factors, including mistake. The applicable legal principles are settled. One who has been prevented by such extrinsic factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him. Where the court that

---

*Italics added.

rendered the judgment has a *general jurisdiction in law and in equity,* the jurisdiction of equity may be invoked by means of a motion addressed to that court."*

*Holt* v. *Parmer* (1951) 106 Cal.App.2d 329 [235 P.2d 43], held that a special defense in an action challenging the validity of a judgment on the grounds of extrinsic fraud presents an equitable issue and that the relief sought could be obtained only in a court of equity.

Prior to 1928, article VI, section 5 of the California Constitution granted to the superior court "original jurisdiction in all equity cases." In 1928 the Constitution was amended to delete the language relative to equity cases and substituted a general grant of jurisdiction in "all civil cases" except those in which the Legislature gives jurisdiction to the municipal or inferior courts. The superior court retains jurisdiction in most equity cases because the Legislature has made only a limited grant of equity jurisdiction to the municipal courts.

The early case of *People* v. *Denault* (1927) 81 Cal.App. 1 [253 P. 151], states that a constitutional grant of jurisdiction to the municipal courts is to be strictly construed, however, see *In re Luna* (1927) 201 Cal. 405 [257 P. 76].

It is stated in *In re Shaw* (1953) 115 Cal.App.2d 753, 755 [252 P.2d 970]: "Thus, the superior courts are courts of general jurisdiction, while the jurisdiction of municipal courts is limited to cases and proceedings in which jurisdiction is conferred by legislative action."

■ The municipal court does not have equitable jurisdiction, except as set forth in Code of Civil Procedure section 89. The grant of jurisdiction in Code of Civil Procedure section 89, subdivision 2 is of all equity matters when pleaded as defensive matter in cases properly before the court. This case was properly before the municipal court. The words "pleaded as defensive matter" clearly appear to mean equitable matters pleaded by way of answer, counterclaim, or cross-complaint. (See e.g. *Jacobson* v. *Superior Court* (1936) 5 Cal.2d 170 [53 P.2d 756]; *Gardenswartz* v. *Equitable Life Assur. Soc.* (1937) 23 Cal.App.2d Supp. 745 [68 P.2d 322]; *Altman* v. *McCollum* (1951) 107 Cal.App.2d Supp. 847 [236 P.2d 914]).

In *St. James Church* v. *Superior Court* (1955) 135 Cal. App.2d 352 [287 P.2d 387], the court held that a complaint containing a prayer for a money judgment with allegations

*Italics added.

showing a right to a permanent injunction is a suit in equity beyond the municipal court jurisdiction.

A municipal court has no jurisdiction to try an issue involving specific performance or rescission where the value of the property exceeded the court's jurisdiction limits (*Haase* v. *Lamia* (1964) 229 Cal.App.2d 654 [40 Cal.Rptr. 518]).

The courts have not construed the grant of jurisdiction to be any broader than the precise wording of Code of Civil Procedure section 89. In *Bill Benson Motors, Inc.* v. *Macmorris Sales Corp.* (1965) 238 Cal.App.2d Supp. 937 [48 Cal. Rptr. 123], a cross-complaint was filed for a "permanent injunction and preliminary injunction" seeking to have the court take up certain drafts for safekeeping pending litigation and for destruction thereafter by the clerk to prevent plaintiff from negotiating them. The court held the cross-complaint was not beyond the jurisdiction of the municipal court. In doing so the court pointed out that the relief requested is granted by a court of law as distinguished from a court of equity in the course of rendering a money judgment on contracts involving written instruments and cited California Rules of Court, rule 522. At page 941, the court states: "Even if the request for a permanent injunction be deemed one appropriately addressed to the equitable power of the court, it is defensive in nature and any equitable defense is within the jurisdiction of the municipal court."

This does not appear to be a correct statement of the law. See *St. James Church* v. *Superior Court, supra,* and Code of Civil Procedure section 89, subdivision 1(h) and 89, subdivision 2.

Respondent's counsel has cited *Arc Inv. Co.* v. *Tiffith* (1958) 164 Cal.App.2d Supp. 853 [330 P.2d 305], as authority for jurisdiction of the municipal court to make orders on equitable matters after judgment. In this case the municipal court issued its order after judgment restraining further levies on defendant's weekly wages, except on order of the court first obtained. This order followed a series of garnishments on defendant Tiffith's weekly wages as a janitor. Plaintiff and appellant contended the order was beyond the equitable jurisdiction of the court under Code of Civil Procedure section 89. The court on appeal held that the municipal court as a court of record shares in "the inherent power of all courts to control and prevent abuses in the use of their process." The court further stated: "The power to control its process does not depend upon a court's equitable jurisdiction; it is incident to the jurisdiction to hear, decide,

and give effect to judgments of all kinds." (*Arc Inv. Co.* v. *Tiffith, supra,* p. 857.)

After deciding the case on the firm grounds set forth above, the court made the following gratuitous statement: "If the order is equitable in character, it is consistent with Code of Civil Procedure, section 89, subdivision 2, which vests the municipal court with jurisdiction over equitable matters asserted defensively." (*Arc Inv. Co.* v. *Tiffith, supra,* 857.) The last statement by the court is not the law. As pointed out by B. E. Witkin, California Procedure, 1965 Supplement, Courts, section 93, page 103, the court's second reason for upholding the municipal court order last quoted above is "a somewhat strained construction of C.C.P. 89(2), referring to 'cases' in equity 'pleaded as defensive matter.'"

In *Bernath* v. *Wilson* (1957) 149 Cal.App.2d 831, 834, 835 [309 P.2d 87], the court held a complaint in equity filed in the superior court to relieve from default and default judgment taken in the municipal court as a result of extrinsic fraud was good and sufficient. The court stated that equity will relieve a plaintiff from a hard and difficult position as shown by the facts of that case. The case does not hold on the point before us, but it does infer that plaintiff's remedy was by independent action in equity after expiration of the six months' period under Code of Civil Procedure section 473 has run.

We must conclude that under a reasonable interpretation of section 89 of the Code of Civil Procedure the municipal court did not have jurisdiction to grant respondent's motion. Only by an extremely strained construction of Code of Civil Procedure section 89 and by closing our eyes to the plain language of *Olivera* v. *Grace* and *McCreadie* v. *Arques, supra,* and other cases cited herein, could we hold otherwise.

CONCLUSION

The respondent's motion was for equitable relief beyond the jurisdiction of the municipal court under Code of Civil Procedure section 89. While the matter could be well handled by the municipal court, it is not within our power to enlarge the legislative grant of jurisdiction to the municipal court. The respondent must be left to his remedy by independent action in equity in the superior court.

The order of the Municipal Court, Fresno Judicial District, of June 27, 1967, setting aside the default entered August 12, 1966, and vacating the default judgment entered April 28, 1967, and permitting respondent to file its answer to the amended complaint is reversed.