[L. A. No. 29596.   In Bank.   Jan. 20, 1969.]

RICHARD BLONIARZ, Plaintiff and Respondent, v. C. B. ROLOSON, Defendant and Appellant.

Marvin E. Levin and Marvin S. Freedman for Defendant and Appellant.

Wells & Herring and William G. Wells for Plaintiff and Respondent.

TRAYNOR, C. J.—On December 6, 1966, the Municipal Court of the Santa Monica Judicial District entered a default judgment for $1,715 in favor of plaintiff. On September 14, 1967, defendant filed a notice of motion to vacate the judgment and the entry of default upon which it was based on the ground that they ''were procured by extrinsic fraud and/or extrinsic mistake.'' This motion was denied on September 26, 1967. Defendant appeals.

Although plaintiff resisted the motion on the merits, he also urged that a municipal court does not have jurisdiction to entertain a motion to vacate a judgment obtained by extrinsic

fraud or mistake. The minute order disposing of the motion merely states "Denied" without indicating whether the ruling was based on the merits or on lack of jurisdiction.

The appellate department of the superior court affirmed the order on the ground that the municipal court lacked jurisdiction. That department also held that the municipal court had no authority to transfer the cause to the superior court under Code of Civil Procedure section 396. Under the authority of rules 62 and 63 of the California Rules of Court, however, the appellate department certified the cause to the Court of Appeal for the Second District to consider both the jurisdictional question and the question of transferability of the cause under section 396.

The Court of Appeal held that the municipal court had jurisdiction and reversed the order and remanded the cause to the municipal court for a hearing and determination on the merits. Because of a direct conflict between this holding and that of the Court of Appeal for the Fifth District in *Strachan* v. *American Ins. Co.* (1968) 260 Cal.App.2d 113 [66 Cal. Rptr. 742], we granted a hearing.

Six months having passed since the entry of the default, the defendant's motion was not directed to the municipal court's statutory power to grant relief under Code of Civil Procedure section 473. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700]; *Phillips* v. *Trusheim* (1945) 25 Cal.2d 913, 917 [156 P.2d 25]; *Thompson* v. *Vallembois* (1963) 216 Cal.App.2d 21, 24 [30 Cal.Rptr. 796].) Defendant therefore contends that the municipal court has an inherent power to set aside a judgment or order obtained through extrinsic fraud or extrinsic mistake. We have concluded that the municipal court has no jurisdiction by statute or by virtue of inherent power to consider this motion.

■ A court of general jurisdiction has inherent equity power, aside from statutory authorization, to vacate and set aside default judgments obtained through extrinsic fraud or mistake. (*Weitz* v. *Yankosky, supra,* 63 Cal.2d 849, 855; *Hallett* v. *Slaughter* (1943) 22 Cal.2d 552, 557 [140 P.2d 3]; *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 576 [122 P.2d 564, 140 A.L.R. 1328]; see Cal. Civil Appellate Practice (Cont. Ed. Bar) §§ 4.30-4.35; 30A Am.Jur., Judgments, §§ 755, 769, 783-784.) ■ This power may be invoked by motion or by an independent action in equity. (*Olivera* v. *Grace, supra,* 19 Cal.2d 570, 576; *Shields* v. *Siegel* (1966) 246 Cal.App.2d 334, 337 [54 Cal.Rptr. 577].)

A municipal court, however, is not a court of general jurisdiction. Its jurisdiction is limited by the Constitution to that prescribed by the Legislature. (Cal. Const., art. VI, § 5; *St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 362 [287 P.2d 387]; *In re Shaw* (1953) 115 Cal.App.2d 753, 755 [252 P.2d 970].) The Legislature has given municipal courts original jurisdiction in "all cases in equity when pleaded as a defensive matter, in any case properly pending in such municipal court." (Code Civ. Proc. § 89, subd. 2.)

As the Court of Appeal in *Strachan* v. *American Ins. Co., supra,* 260 Cal.App.2d 113, properly concluded, a motion to vacate a default judgment on grounds of extrinsic fraud or mistake is not a defensive pleading (see e.g., *Jacobson* v. *Superior Court* (1936) 5 Cal.2d 170 [53 P.2d 756]; *Gardenswartz* v. *Equitable Life Assur. Soc.* (1937) 23 Cal.App.2d Supp. 745 [68 P.2d 322]; *Altman* v. *McCollum* (1951) 107 Cal.App2d Supp. 847, 857 [236 P.2d 914]), nor can jurisdiction to entertain such a motion be otherwise implied from section 89.

Defendant contends that the power of the municipal court to hear and decide the motion in question derives from an inherent power of every court in any action in which it otherwise has jurisdiction "[t]o amend and control its process and orders so as to make them conformable to law and justice" (Code Civ. Proc., § 128, subd. 8); in other words a grant of jurisdiction, no matter how limited, carries with it an implied or inherent power to set aside judgments of the court obtained through extrinsic fraud or mistake. This interpretation of the law misapprehends the nature of equity jurisdiction and the scope of section 128.

A distinction has long been made between the equity powers that inhere in courts of general jurisdiction and powers, primarily of an administrative nature, that inhere in all courts of record. The power to set aside judgments obtained through extrinsic fraud and mistake is within the equity jurisdiction of a court. (5 Pomeroy, Equity Jurisprudence (Equitable Remedies (2d ed.)) pp. 4671, 4672.) Unless limited by statute, this power is a necessary incident of the constitutional grant of general jurisdiction. (See *Tulare Irr. Dist.* v. *Superior Court* (1925) 197 Cal. 649, 660 [242 P. 725]; *City of Pasadena* v. *Superior Court* (1910) 157 Cal. 781, 788 [109 P. 620, 21 Ann.Cas. 1355].) As distinguished from equity jurisdiction, every court of record has powers requisite to its proper functioning as an independent consti-

tutional department of government (*Brydonjack* v. *State Bar* (1929) 208 Cal. 439, 442 [281 P. 1018, 66 A.L.R. 1507] ; 20 Am.Jur., Courts, §§ 78, 79) including the power to punish for contempt (*Lyons* v. *Superior Court* (1955) 43 Cal.2d 755, 758 [278 P.2d 681]), to preserve order in the court (*Cantillon* v. *Superior Court*, (1957) 150 Cal.App.2d 184, 187 [309 P.2d 890]), and to feed and house jurors (*Hart Bros. Co.* v. *County of Los Angeles* (1938) 31 Cal.App.2d Supp. 766 [82 P.2d 221]).

▇ The power to amend and control process and orders reflected in section 128, subdivision 8, is limited to such exercise as the correction of clerical errors (see *Drinkhouse* v. *Van Ness* (1927) 202 Cal. 359, 370 [260 P. 869] ; *Chadwick* v. *Superior Court* (1928) 205 Cal. 163, 165 [270 P. 192] ; *Roth* v. *Marston* (1952) 110 Cal.App.2d 249, 251 [242 P.2d 375] ; 30A Am.Jur., Judgments, § 604 et seq.) ; the setting aside of judgments and orders inadvertently made and not the result of an exercise of judgment (see *In re McGee* (1951) 37 Cal.2d 6, 9 [229 P.2d 780] ; *Bastajian* v. *Brown* (1941) 19 Cal.2d 209, 214 [120 P.2d 9]) ; the prevention of the wrongful use of process rightfully issued (see *Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 230-233 [317 P.2d 613] ; *Arc Inv. Co.* v. *Tiffith* (1958) 164 Cal.App.2d Supp. 853, 857 [330 P.2d 305]) ; and amendment of summons to conform to existing facts (see *Morrissey* v. *Gray* (1912) 162 Cal. 638, 646 [124 P. 246] ; *Baldwin* v. *Foster* (1910) 157 Cal. 643, 647 [108 P. 714]). Such powers are inherently necessary for the court to make its judgments speak the truth and to insure that its orders are carried out in the manner that conforms to justice and the court's intention.

▇ They do not, however, include the consideration of extrinsic factors that invoke the jurisdiction of equity, such as extrinsic fraud or mistake or inadvertence that may have deprived one party of a fair adversary hearing. ▇ Once the six months have run under section 473, only a court of equity has power to set aside a judgment on these grounds, and, as we made clear in *Olivera,* this equitable power is distinct from the power to amend and correct records. (*Olivera* v. *Grace, supra,* 19 Cal.2d 570, 575.) ▇ A municipal court is, therefore, without jurisdiction to entertain a motion to set aside a judgment obtained through extrinsic fraud, mistake, inadvertence, or surprise after the six-month period under section 473 has run.

▇ The question remains whether the municipal court should have transferred the cause to the superior court under

Code of Civil Procedure section 396.[1] The appellate department held that section 396 did not authorize a transfer of a motion to vacate a judgment for extrinsic fraud or mistake on the ground that an "incidental matter" of this nature was neither an action nor a proceeding within the meaning of this section.

The nature of an action and the issues involved are to be determined, not from the appellation given the pleading, but from the facts alleged and the relief that they support. (*Buxbom* v. *Smith* (1944) 23 Cal.2d 535, 542 [145 P.2d 305]; *Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 638 [234 P.2d 981]; *Luckey* v. *Superior Court* (1930) 209 Cal. 360, 366 [287 P. 450]; *McDougald* v. *Hulet* (1901) 132 Cal. 154, 160 [64 P. 278]; Code Civ. Proc., §§ 452, 580.) Had the motion in question been filed in the superior court the only court with jurisdiction to grant the relief sought, conformity to this policy would have required that the pleadings be viewed as a separate "action" in equity. Dismissal under these circumstances would be contrary to our policy that cases should be tried on their merits rather than dismissed for technical defects in pleading. (Code Civ. Proc., § 452; *Mix* v. *Yoakum* (1927) 200 Cal. 681, 687 [254 P. 557]; *Taylor* v. *S & M Lamp Co.* (1961) 190 Cal.App.2d 700, 703 [12 Cal.Rptr. 323].) Defendant sought relief afforded by the courts of this state; relief is available in his case only through an independent action in equity. Since the superior court is the only court that could grant the relief sought, the cause should have been transferred to that court under section 396.

We venture no opinion as to the sufficiency of the pleadings to support the cause of action. That matter is for the superior court to decide subsequent to transfer.

The judgment is reversed, and the municipal court is directed to transfer the cause to the superior court.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[1]Section 396 provides: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof . . . if there is a court of this State which has such jurisdiction, the action or proceeding shall not be dismissed . . . but shall . . . be transferred to a court having jurisdiction of the subject matter. . . ."