[Civ. No. 26620. First Dist., Div. One. May 4, 1970.]

EDGAR A. CASTELLINI, Plaintiff and Appellant, v.
THE MUNICIPAL COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Respondent;
ANDERSON & PERKINS, INC., Real Party in Interest and Respondent.

**COUNSEL**

Ernest M. Thayer for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Joseph H. Inglese and Roger M. Hughes for Real Party in Interest and Respondent.

**OPINION**

**ELKINGTON, J.**—Anderson & Perkins, Inc., as assignee for collection, commenced an action in the San Francisco Municipal Court against Edgar A. Castellini, Columbia Electric Co., a corporation, and others for money owed. The parties and the municipal court interpreted the complaint as alleging that Columbia Electric Company had contracted the indebtedness, but that Castellini was also liable, since the corporation was the instrumentality through which he for convenience transacted his business. Castellini demurred generally, contending: "An action which seeks to hold an individual defendant liable for the debts of a corporation on the alter ego theory is of an equitable nature, and jurisdiction is to be determined accordingly." The demurrer was overruled and the municipal court set the case for trial.

Castellini thereupon, by application for a writ of prohibition filed in the superior court, sought to prevent the municipal court from proceeding with the trial of the action. The superior court thereafter entered its judgment

"that the peremptory writ applied for herein is denied." It is from that judgment that the instant appeal is taken.

Castellini's sole argument here, as in the municipal and superior courts below, is that an action seeking to hold an individual defendant liable for the debts of a corporation on the *"alter ego"* theory is of an equitable nature, over which the municipal court has no jurisdiction. We find ourselves in agreement.

The municipal court is not a court of general jurisdiction; its jurisdiction is limited by the Constitution to that prescribed by the Legislature. (*Bloniarz* v. *Roloson,* 70 Cal.2d 143, 147 [74 Cal.Rptr. 285, 449 P.2d 221].) The Constitution, article VI, section 5, and its implementing statute, Code of Civil Procedure section 89, make it clear that the court's jurisdiction is exclusive; it does not have any concurrent jurisdiction with the superior court (see *Hopkins* v. *Anderson,* 218 Cal. 62, 66 [21 P.2d 560]; *Williams* v. *Rosinsky Motor Co.,* 133 Cal.App.2d Supp. 798, 800 [284 P.2d 979]; *Cook* v. *Winklepleck,* 16 Cal.App.2d Supp. 759, 762 [59 P.2d 463].)

The doctrine authorizing disregard of the fiction of separate corporate existence, when necessary to circumvent fraud or to protect the rights of third persons, *is essentially equitable in nature.* (See *Stark* v. *Coker,* 20 Cal.2d 839, 846 [129 P.2d 390]; *Aetna Casualty & Surety Co.* v. *Stover,* 327 F.2d 288 [7 A.L.R.3d 655]; *Auer* v. *Frank,* 227 Cal.App.2d 396, 407 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108]; *Grotheer* v. *Meyer Rosenberg, Inc.,* 11 Cal.App.2d 268, 273 [53 P.2d 996].)

The municipal court does not have equitable jurisdiction except in the situations expressly granted by Code of Civil Procedure section 89 (*Bloniarz* v. *Roloson, supra,* 70 Cal.2d 143, 147; *Strachan* v. *American Ins. Co.,* 260 Cal.App.2d 113, 117 [66 Cal.Rptr. 742]). Section 89 clearly does *not* authorize the municipal court to grant relief sought by Anderson & Perkins, Inc. It follows that the judgment of the superior court denying the application for prohibition was erroneous.

No sound policy reason occurs to us why in a case otherwise within municipal court jurisdiction, equitable principles should not be generally applicable. Such a rule would tend to obviate the frequent and understandable misapprehension of litigants as to just where jurisdiction lies. It would prevent time consuming delays, such as here, which must at times result in denial of justice. But the state Constitution, article VI, section 5, casts the power to make such a determination on the Legislature, not the courts. Confronted with a somewhat similar legislative denial of equitable jurisdiction to the municipal court, the Court of Appeal in *Strachan* v. *Ameri-*

*can Ins. Co., supra,* 260 Cal.App.2d 113, 119, said: "While the matter could be well handled by the municipal court, it is not within our power to enlarge the legislative grant of jurisdiction to the municipal court. The respondent must be left to his remedy by independent action in equity in the superior court."

The judgment is reversed; the superior court will issue the writ of prohibition as prayed.

Molinari, P. J., and Sims, J., concurred.