[Civ. No. 28876. First Dist., Div. One. Apr. 16, 1971.]

PAUL LIGDA, as Public Defender, etc., Plaintiff and Appellant, v. ALTA EDMUNDS, as Clerk, etc., Defendant and Respondent.

**COUNSEL**

Paul Ligda, Public Defender, in pro. per., for Plàintiff and Appellant.

Milton Goldinger, County Counsel, Vincent E. Keys, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—The appeal here is taken from a judgment of the superior court denying the Solano County Public Defender's application for a writ of mandate against the Clerk of the Municipal Court of the Vallejo Municipal District.

The public defender had sought to file as the "first paper in a criminal action" a document captioned "In the Matter of Property Seized from Danny Olon Price," and entitled "Notice of Motion and Motion to Suppress Evidence." It was directed to "Officers Rust, Bawart, Kilkenny, Odiorne, Blass of the Vallejo Police Department." The motion sought the "return forthwith [of] certain personal property" allegedly owned by "his client" and "unlawfully seized from movant by officers of the Vallejo Police Department, and [an order] directing that the property seized be suppressed as evidence in any criminal proceeding." It appears that no criminal proceedings had been taken against Price and that no threat or attempt to use the property as evidence in any such proceeding had ever been made.

The clerk of the municipal court stating, "I find no authority to file these documents in a Municipal Court without first having a criminal complaint on file," refused to file the proffered document.

In the superior court, and here, the public defender has posed no Fourth Amendment issue, nor has he contended that Price is in fact entitled to the return of his property or to its suppression as evidence. The only contention is that the clerk should have filed the paper and caused "the matter [to be] placed on calendar."

The frustrated municipal court proceedings were clearly not taken under the authority of Penal Code section 1538.5, nor were they in legal effect proceedings in replevin or claim and delivery as permitted by Code of Civil Procedure sections 509-521, nor were they otherwise in the nature of an action for the quieting of title to personal property. All of this is conceded by the public defender who frankly states that he finds no authority in support of his contention.

The argument seems to be that a clerk of a court, having no discretion whatever, is *bound* to accept any and all papers offered for filing, and that an unqualified right exists to have a judge of the court make sort of an *ex post facto* decision whether the paper has properly been filed.

In the mandate proceedings the superior court rejected the public defender's contentions. It was stated:

"The petition asks that this Court require the clerk of the Municipal Court of the Vallejo Judicial District to file a notice of motion and motion to suppress evidence and supporting papers. However, there is nothing in the petition to indicate that the Clerk has a duty to file such papers inasmuch as there is no affirmation that any proceedings are pending in the court to which the motion can be related. In fact, the allegations are to the contrary.

"The petition is likewise defective in that though the flat statement is made that the petitioner has no plain and speedy remedy at law, no facts are set forth to support the assertion. For example, the obvious question is why the petitioner does not pursue his legal remedy in the form of an action for claim and delivery?"

As suggested by the public defender we have the light of no authority to guide us to a resolution of the problem.

The first applicable consideration which occurs to us is the unquestioned need for orderly procedure in the business of our courts. It seems reasonable that a court clerk, before accepting a document for filing, make some

inquiry whether such filing is authorized by law, or rule, or even custom and practice of the court. Failure to do so could result in the records of the court being cluttered with material having no reasonable relation to the court's functions. If we were to accept the public defender's argument, the clerk must blindly accept for filing anything that is offered, whether it be a personal property tax return intended for a different official, or an instrument conveying title to real property, or perhaps even the notice of appeal from the judgment here in question.

We bear in mind also that the municipal court is not a court of general jurisdiction; its jurisdiction is limited to that prescribed by the Legislature. (Cal. Const., art. VI, § 5; *Bloniarz* v. *Roloson,* 70 Cal.2d 143, 147 [74 Cal.Rptr. 285, 499 P.2d 221].) We find no legislative authorization for the municipal court to entertain the strange procedure adopted by the public defender. It is doubtful if anyone would contend that a clerk of the municipal court must accept and file a complaint for divorce over which that court obviously has no jurisdiction. Just as obviously, in our view, the municipal court has no jurisdiction to entertain a *motion* against nonparties to any pending action, to deliver property and to suppress evidence.

We recognize that great care must be exercised that no one unlawfully or unreasonably be denied access to the courts. But one whose paper is improperly found to be unworthy of filing by a court clerk has adequate means of relief. The obvious and informal remedy would be to seek a direction of a judge of the court that the paper be filed. Failing in this for one reason or another, one may, as was done here, seek a writ of mandate compelling such a filing. And of course in the factual situation before us Price had the plainest of remedies to secure a return of his property by way of replevin or claim and delivery.

The public defender has chosen to conduct the proceedings below and on this appeal in his name rather than in the name of Price, the real party in interest. This seems contrary to the rule that, with exceptions here inapplicable, "Every action must be prosecuted in the name of the real party in interest, . . ." (Code Civ. Proc., § 367.) However, since the point is not here raised, we do not consider it.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied May 11, 1971.