[Civ. No. 50122. Second Dist., Div. Five. May 24, 1977.]

KATINA MARIANOS et al., Plaintiffs and Appellants, v.
GARO TUTUNJIAN, Defendant and Respondent.

COUNSEL

Esther R. Shapiro for Plaintiffs and Appellants.

Franklin D. Laven for Defendant and Respondent.

OPINION

ASHBY, J.—This is an appeal from an order of the municipal court setting aside a default judgment. The matter is before us on certification from the appellate. department of the superior court. (Cal. Rules of Court, rules 62, 63.)

## FACTS

On February 27, 1975, defendant was served with summons and complaint which he did not answer. His default was entered April 21, 1975. The default judgment was entered June 17, 1975. Defendant moved to set aside the judgment on January 14, 1976, approximately seven months after the judgment was entered. Defendant's motion to vacate sought relief pursuant to section 473 of the Code of Civil Procedure.

In his declaration in support of the motion, defendant averred that at the time he was served with the summons and complaint he delivered them to an attorney named Schlessinger whom he retained for the purpose of filing a responsive pleading. He relied on his said attorney and understood that the matter was being attended to. He did not receive notice of default at his residence, his place of employment or any other address. In his declaration he states that he learned of the judgment in November 1975. Subsequently he states that he did not learn of it until December 1975, when his vehicle was seized pursuant to a writ of execution.[1] The declaration goes on to state that because of the holidays and the lack of a vehicle he had difficulty finding an attorney to represent him until January 7, 1976, when he hired his present counsel who had prior knowledge of the transaction between himself and plaintiff which gave rise to the lawsuit. The declaration further states that defendant has a meritorious defense to the complaint.

The minute order setting aside the default states: "Court finds good cause to set aside and vacate the default as to Garo Tutunjian in that said defendant did not learn of the default until November, 1975, although defendant employed an attorney to represent him in this case in April, 1975. The court finds the foregoing constitutes excusable neglect by defendant within the meaning of CCP 89(b)3."[2]

---

[1] The pertinent paragraph reads: "It was not until the middle part of November 1975 that I was aware that a judgment had been entered against me. I at no time received a notice of entry of judgment at my residence, or otherwise. The first time that I was aware that there was a judgment against me in the above matter was when the Marshall [sic] of Riverside County seized my vehicle pursuant to a Writ of Execution in December of 1975. This was the only knowledge that I had that a judgment existed against me."

[2] The Code of Civil Procedure has since been amended. Former section 89 has been reenacted as section 86. (Stats. 1976, ch. 1288, § 5.) The pertinent provision is now section 86, subdivision (b)(3).

## Issue Presented

The issue before this court is whether a municipal court has jurisdiction under current section 86, subdivision (b)(3) of the Code of Civil Procedure to set aside a default and default judgment on the ground of excusable neglect more than six months after it was entered. We hold that it does not.

As noted above, defendant's motion to vacate sought relief pursuant to section 473. More than six months having elapsed, however, since entry of the default and default judgment, relief was clearly unavailable under that statute. The municipal court, obviously realizing this, based its ruling upon then section 89 which contained no express time limitation. Although the statute does not expressly limit the power of the court to the six-month time period contained in section 473, we believe that it was the intention of the Legislature in adding subdivision (b)(3) to section 89 and in reenacting it as section 86, subdivision (b)(3), to grant to municipal courts general equity jurisdiction coextensive with that of superior courts in the matter of vacating defaults and default judgments.

The court had the power to treat the motion as one under then section 89 if relief was otherwise available under the latter section. (*Taliaferro* v. *Taliaferro,* 217 Cal.App.2d 211, 218-220 [31 Cal.Rptr. 690].) In determining whether relief was otherwise available under section 89, we must examine section 473 in conjunction with the Supreme Court's decision in *Bloniarz* v. *Roloson,* 70 Cal.2d 143 [74 Cal.Rptr. 285, 449 P.2d 221].

Section 473 of the Code of Civil Procedure has long provided that a court in a civil action may relieve a party from a judgment or order "taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief . . . must be made within a reasonable time, in no case exceeding six months . . ." after entry of said judgment or order. Despite the six-month limitation contained in section 473, it has been held that courts of general jurisdiction have inherent equity power, aside from statutory authorization, to vacate and set aside default judgments obtained through extrinsic fraud or mistake. (*Weitz* v. *Yankosky,* 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700].) Thus, in addition to the authority conferred by section 473, a superior court being a court of general jurisdiction has the inherent equity power to vacate and set aside default judgments obtained through extrinsic fraud or mistake.

In ·January 1969, the Supreme Court, in a case involving extrinsic fraud or extrinsic mistake, decided that the municipal courts of this state, lacking general jurisdiction, had no such inherent equitable jurisdiction and were limited to the exercise of those powers set forth in section 473 of the Code of Civil Procedure. (*Bloniarz* v. *Roloson, supra,* 70 Cal.2d 143.) Later that same year, in what can only be regarded as a response to the *Bloniarz* decision, the Legislature added subdivision (b)(3) to then section 89 of the Code of Civil Procedure. As so amended, subdivision (b) of the statute read: "Each municipal court shall have jurisdiction of cases in equity as follows: . . . [¶] (3) To vacate a judgment or order of such municipal court obtained through extrinsic fraud, mistake, inadvertence, or excusable neglect." (Under the 1976 amendment, § 86, subd. (b)(3), reads the same, except that it applies to both municipal courts and justice courts.)

We do not believe that it was the intention of the Legislature to supersede section 473 with respect to municipal courts and justice courts in 1976 or to expand the jurisdiction of the inferior courts to vacate defaults beyond that enjoyed by superior courts. A contrary interpretation would lead to the anomalous result that municipal courts, and now justice courts, could vacate defaults for excusable neglect for an unlimited period of time, while superior courts could do so for only six months, despite the fact that section 473 on its face applies to all trial courts.

We therefore hold that under section 86, subdivision (b)(3) of the Code of Civil Procedure, municipal courts have equitable powers coextensive with those of the superior courts to relieve parties from default. We further hold that since there was no evidence of extrinsic fraud or mistake, the applications for relief based upon excusable neglect must be brought within the six-month period specified in section 473. That period having expired before such application was filed by defendant herein, the municipal court lacked jurisdiction to relieve him from default.

The order appealed from is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.