Filed 11/9/22  Selene Finance v. First Group Investments CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SELENE FINANCE LP, | |
| Plaintiff and Appellant, | C092537 |
| v. | (Super. Ct. No. 34-2013-00146947-CU-MC-GDS) |
| FIRST GROUP INVESTMENTS, LLC, et al., | |
| Defendants and Respondents. | |

Selene Finance, LP (Selene Finance) obtained a default judgment against Patricia Wood, Michael Wood, Clinton Henson, and Roseville Telephone Company in a judicial foreclosure action.  First Group Investments, LLC (FGI) purchased real property belonging to Patricia Wood and Clinton Henson at an execution sale conducted by the Sacramento County Sheriff (Sheriff) pursuant to a writ to satisfy the judgment in favor of Selene Finance.  Although Selene Finance informed the Sheriff that it wanted to set the opening bid at $205,800.00, the Sheriff did not announce that amount as an opening bid and FGI purchased the property for a penny.  Selene Finance appeals from the trial court order denying its motions to set aside the sale and the sheriff's deed to FGI.

1

According to Selene Finance, (1) even though Code of Civil Procedure section 701.680[1] provides that an execution sale is absolute and shall not be set aside for any reason, a trial court may grant a judgment creditor equitable relief by setting aside a sale under the circumstances of this case; and (2) if section 701.680 precludes an equitable remedy, its application violates Selene Finance's right to due process.

Finding no merit in Selene Finance's contentions, we will affirm the trial court's order.

BACKGROUND

Selene Finance obtained a judgment in the amount of $227,339.02, to be satisfied from proceeds of the sale of a property. The judgment provided that a deed of trust was foreclosed and a writ of sale would issue ordering the Sheriff to conduct a sale of the property to satisfy the obligation owing on a note. Selene Finance could purchase the property at the sale and use a credit bid up to the full amount of the judgment. Upon completion of the sale, the Sheriff was authorized to execute and deliver a deed to the purchaser. The trial court retained jurisdiction for issues relating to the judgment and sale of the property.

On November 19, 2019, counsel for Selene Finance instructed the Sheriff, among other things: "Per the client, please set the opening bid amount at $205,800.00." Sheriff's representative Klarissa Esio informed Jimmy Tran, a law clerk at the office of counsel for Selene Finance, "Your minimum bid request looks good. Please resubmit with a signature." Esio also stated, "Keep in mind that if the property is not sold, the levy will be released. I just want to make that clear since your minimum bid is up there. If there are potential bidders, they may not be able to beat this minimum bid you have set for the property." Tran replied that he had confirmed with counsel for Selene Finance

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

that Selene Finance would bid $205,800.00, so if there were no outside bidders then the property would be sold to Selene Finance for the credit bid amount. Tran added, "The last sale we had in California, the property was sold for $1.00, so please give me a call if you still have any concerns or questions."

The sale took place the next day. John Gill, manager of FGI, attended the sale. He was the only bidder present. He asked the deputy conducting the sale whether there was an opening bid and was told the opening bid was $0. Gill bid a penny. He did not know about the written instructions from Selene Finance setting the opening bid at $205,800.00. The property was sold to FGI for a penny, and the Sheriff executed a Sheriff's deed under writ of sale to FGI.

The following day, Sheriff's representative Jami Wright told Tran, "We started the bid at the requested price but nobody bid. Therefore, we had to open it up to the highest bidder who bid $0.01. Since there were no further bids, it was sold to the highest bidder for $0.01. This sale had no minimum bid as there were no superior state tax liens." Sheriff's representative Esio then followed up, stating: "We did receive the signed opening bid; however, as it is not codified that we have to follow such instructions, your opening bid was not announced at the sale. [¶] In my early communication with you on 11/7/19 at 9:58 a.m., we recommended that you submit additional instructions by November 18th at the least, so that we would have everything reviewed thoroughly and ready to go by the sale date."

Charles Nunley, counsel for Selene Finance, spoke with Gill the day after the sale. According to Nunley, he told Gill the Sheriff had conducted the sale in contravention of the bidding instructions and Selene Finance would record a lis pendens pending a formal agreement to set aside the sale; and Gill was willing to consider voluntarily setting aside the sale on terms to be agreed upon, but did not respond to Nunley's further communications. But according to Gill, although he received a call from Nunley on November 21, 2019, Nunley did not say he would record a lis pendens, Gill did not

3

indicate he would set aside the sale, and Gill received no other communication from Nunley other than a voicemail message on April 14, 2020.

Upon the request of Selene Finance and with the belief that the sale would be set aside, the Sacramento County Counsel put the recording of the Sheriff's deed on hold. However, the Sheriff recorded the deed on January 28, 2020, believing it had a statutory duty to record the sale within a certain time frame. Selene Finance recorded a lis pendens on February 7, 2020.

Selene Finance filed a motion in the foreclosure action to set aside the sale and Sheriff's deed, and separately moved to set aside the sale and deed pursuant to section 473. Sacramento County did not oppose the motions, but FGI intervened and opposed them.

The trial court denied the motions. Interpreting section 701.680, the trial court ruled that the sale was absolute and may not be set aside except by a judgment debtor when the purchaser was a judgment creditor and there were irregularities in the sale, circumstances that did not apply in this case. The trial court said there was no room in the statutory scheme for a judgment creditor to deprive a third party purchaser at a judicial foreclosure sale of his interest in the property by bringing an action to set aside the sale. The trial court rejected Selene Finance's due process claim, finding the case Selene Finance cited inapposite and that Selene Finance had notice and an opportunity to appear at the sale but elected not to do so. Selene Finance appeals from the order denying its motions.

We granted the application of California Mortgage Association to file an amicus curiae brief in support of Selene Finance, and we have considered the brief.

DISCUSSION

I

According to Selene Finance, even though section 701.680 provides that an execution sale is absolute and shall not be set aside for any reason, a trial court may grant

4

a judgment creditor equitable relief by setting aside an execution sale when the levying officer fails to follow the bid instructions and a third party purchaser takes advantage of the levying officer's error, obtains the property for a nominal sum, and refuses to unwind the sale when notified of the error.  FGI counters by citing *Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003 (*Amalgamated Bank*) for the proposition that under section 701.680, Selene Finance lacks standing to set aside the sale.

" 'After obtaining a money judgment, the judgment creditor creates a judgment lien by recording an abstract or certified copy of the judgment with the county recorder.  [Citation.]  Subject to certain exceptions, the lien attaches to all real property interests owned by the judgment debtor in that county.  [Citation.]  After obtaining a judgment lien, the creditor must take additional steps to collect on the judgment, and the usual method is to levy on specific property by writ of execution.  [Citation.]'  [Citation.] A levy in the context of execution on real property is the act by which property to be taken and sold is designated or set aside.  [Citation.]  'The judgment creditor obtains from the county clerk a writ of execution, directing the sheriff or other levying officer to enforce the judgment.  [Citation.]  The creditor delivers the writ to the levying officer with instructions including a description of the property to be levied upon.  [Citation.] The officer levies on real property by recording a copy of the writ and a notice of levy with the county recorder.  [Citation.]  The levy creates an execution lien on the property. [Citation.]  Service of a copy of the writ and notice of levy on the judgment debtor triggers a 120-day grace period during which the debtor may redeem the property from the lien.  [Citation.]  Only after this period expires may the levying officer then proceed to notice the property for sale.  [Citation.]' " *Wells Fargo Financial Leasing, Inc. v. D & M Cabinets* (2009) 177 Cal.App.4th 59, 69.)

Division 2, chapter 3 of the Enforcement of Judgments Law (§ 680.010 et seq.) governs the enforcement of a money judgment by writ of execution.  (§ 699.010; *Lee v. Rich* (2016) 6 Cal.App.5th 270, 278.)  Section 701.510 et seq., part of chapter 3, governs

5

sales conducted by a levying officer of property that has been levied upon. (§ 716.020.) When the purchaser of an interest in real property at a sale conducted under a writ of execution pays the amount due to the levying officer, the levying officer conducting the sale must execute and deliver a deed of sale to the purchaser. (§ 701.660.) A sale of property pursuant to section 701.510 et seq. is absolute and shall not be set aside for any reason, except in the circumstances set forth in section 701.680, subdivision (c)(1). (§ 701.680, subd. (a).) Section 701.680, subdivision (c)(1) provides that if a sale was improper due to irregularities in the proceedings, the judgment debtor may commence an action within 90 days to set aside the sale if the purchaser was the judgment creditor. In addition, section 701.680 does not affect a judgment debtor's equitable right of redemption. (§ 701.680, subd. (e).) But section 701.680 does not provide any other exceptions to the rule that a sale of a property pursuant to section 701.510 et seq. is absolute and shall not be set aside for any reason. (See *Lee,* at pp. 273, 277-279.)

Section 701.680 was added in 1982. (Stats. 1982, ch. 1364, § 2.) Subdivision (c)(1) was amended in 1985, and the statute was amended again in 2014. (Stats. 2014, ch. 183, § 1.) The Law Revision Commission comments regarding section 701.680, which we may consider in construing the Enforcement of Judgments Law (*Lang v. Roché* (2011) 201 Cal.App.4th 354, 263-264 & fn. 8 (*Lang*)), have indicated that a set-aside action may only be brought by the judgment debtor or the judgment debtor's successor and only if the sale was made to the judgment creditor and the action is brought within a specified period of time. (16 Cal. Law Revision Com. Rep. (1982) p. 1371; 18 Cal. Law Revision Com. Rep. (1985) p. 362.) Although the statute indicates it does not eliminate a judgment debtor's equitable right of redemption (§ 701.680, subd. (e)), there is no statutory mention of a judgment creditor's equitable right to set aside a sale.

Amicus curiae argues there is no statutory mention of a judgment creditor's equitable rights because the focus of section 701.680 is on limiting the ability of judgment debtors to undo a judicial sale and the Legislature did not consider the

6

possibility of a judgment creditor seeking to set aside a sale. But the Law Revision Commission sought to achieve, among other things, a more equitable balance between the interests of the judgment debtor and the judgment creditor in execution sales. (16 Cal. Law Revision Com. Rep. (1982) p. 1121.) The Law Revision Commission considered the interests of debtors and creditors and determined that an execution sale should be absolute except in specified circumstances. (*Id.* at pp. 1122, 1371.) And the Legislature adopted the Enforcement of Judgments Law based on the Law Revision Commission's recommendations. (*Lang, supra*, 201 Cal.App.4th at p. 263.)

The circumstances referenced in section 701.680, subdivisions (c)(1) or (e) are not present in this case. The set-aside motion was not brought by a judgment debtor and the judgment creditor did not purchase the property. Subdivision (e) only references a judgment debtor's equitable redemption.

In *Amalgamated Bank, supra*, 149 Cal.App.4th 1003, the judgment creditor obtained a judgment against the judgment debtor when the latter stopped making payments on certain real property. (*Id.* at pp. 1008-1009.) The real property, worth about $6.5 million, was to be sold by the Sheriff pursuant to a writ of execution. (*Id.* at p. 1009.) Representatives of the judgment creditor intended to place an opening bid of $6 million at the sale but did not arrive on time. (*Id.* at p. 1009.) A third party purchaser was the only bidder at the sale and bought the property for $2,000. (*Ibid.*) The judgment creditor filed an action to set aside the Sheriff's deed based on irregularities in the conduct of the sale and on equitable grounds. (*Id.* at pp. 1008-1009, 1018.) This court held that under section 701.680, upon payment of the purchase price, the Sheriff's sale to the third party purchaser was absolute and could not be set aside, and the judgment debtor had not exercised a right of redemption. (*Amalgamated Bank,* at p. 1018.) This court explained "[t]here is simply no room in the statutory scheme for a judgment creditor (for whose benefit the foreclosure sale was held in the first place) to deprive a third party purchaser at a judicial foreclosure sale of his interest in the property by bringing an action

7

to set aside the sale." (*Ibid.*; see *Gonzalez v. Toews* (2003) 111 Cal.App.4th 977, 981-983 [section 701.680 is "crystal clear"].)

Section 701.680 encourages the finality of execution sales. (*Amalgamated Bank, supra*, 149 Cal.App.4th at p. 1018.) It precludes the motion by Selene Finance to set aside the Sheriff's sale and deed. (18 Cal. Law Revision Com. Rep. (1985) p. 362; *Amalgamated Bank,* at p. 1018; 12 Miller & Starr, California Real Estate (4th ed. 2015) § 42:79 [judgment creditor has no standing to attack the validity of a judicial foreclosure sale conducted by sheriff's auction on the ground of irregularities in the conduct of the sale]; 5 Miller & Starr, California Real Estate (4th ed. 2015) § 13:281 [on the payment of the purchase price the sale is absolute, subject only to the right of redemption].)

Selene Finance nevertheless urges that it is entitled to relief under a court's broad equitable powers. But the Legislature has limited the circumstances under which an execution sale may be set aside. (§ 701.680, subds. (c), (e).) The court's inherent equitable power may not be exercised in a manner inconsistent with a statute. (*Kraus v. Trinity Management Services, Inc*. (2000) 23 Cal.4th 116, 131, fn. 14, superseded by statute on another point as stated in *Arias v. Superior Court* (2009) 46 Cal.4th 969, 977.) Except where legislative action impinges on the exercise of fundamental judicial powers and violates the separation of powers, a statute may specify the relief available and limit the equitable relief a court may grant. (*Krause,* at p. 131, fn. 14; *Bloniarz v. Roloson* (1969) 70 Cal.2d 143, 147; *Olivera v. Grace* (1942) 19 Cal.2d 570, 575.)

Moreover, even if the balance of equities favored Selene Finance in relation to the Sheriff (a matter we need not and do not decide), there is no evidence the balance of equities favored Selene Finance in relation to FGI. Selene Finance claims FGI seized on the Sheriff's error to purchase the property for a penny, but there is no indication FGI or Gill knew the Sheriff had made an error. Selene Finance fails to show that FGI did anything to deny Selene Finance a regular course of judicial proceedings. (*Hagar v.*

8

*Reclamation Dist. No. 108* (1884) 111 U.S. 701, 708 [28 L.Ed. 569] [due process requires a regular course of judicial proceedings].)

Selene Finance asserts for the first time in its appellate reply brief that the execution sale was not conducted pursuant to section 701.510 et seq. because the Sheriff did not recognize the highest bid as required by section 701.570, subdivision (b). We do not consider late claims. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)

## II

Selene Finance also asserts that if section 701.680 precludes equitable relief to a judgment creditor, its application in this case violates Selene Finance's constitutional right to due process of law.

We review de novo whether a statute is constitutional. (*Stuard v. Stuard* (2016) 244 Cal.App.4th 768, 781.) We presume the statute is valid unless a clear conflict with the state or federal Constitution is established. (*Ibid.*) When considering whether a facially valid statute has been applied in a constitutionally impermissible manner, we evaluate the facts of to determine whether application of the statute resulted in deprivation of a protected right. (*Ibid.*) The party challenging the statute bears the burden of establishing that it was unconstitutional as applied. (*Coffman Specialties, Inc. v. Department of Transportation* (2009) 176 Cal.App.4th 1135, 1145.)

Selene Finance relies on *Lang, supra*, 201 Cal.App.4th 254, but the facts of that case are nothing like the circumstances here. (See *id.* at pp. 257, 264-265 & fn. 9 [use of void default judgment to seize property violated due process].) Here, Selene Finance does not contend the judgment was void, and it had notice of the execution sale. Selene Finance argues notice of the sale is not the issue, the issue is lack of notice of what occurred at the auction. But nothing in the record shows that Selene Finance did not have an opportunity to attend the sale. Selene Finance also does not demonstrate that it is

without a remedy. (§ 687.040, subd. (a); Gov. Code, § 26664.) It fails to demonstrate that section 701.680, as applied to it, violated due process.

Selene Finance contends, without analysis, that the Sheriff's actions constitute a governmental taking without just compensation. We do not consider claims not supported by legal analysis. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672, fn. 3.)

DISPOSITION

The trial court's order denying Selene Finance's motion to set aside the judicial foreclosure sale and sheriff's deed is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                           /S/                
                                           MAURO, J.


We concur:


      /S/                
ROBIE, Acting P. J.


      /S/                
DUARTE, J.