[No. C011468. Third Dist. June 24, 1992.]

JOHN MARLOW et al., Plaintiffs and Respondents, v.
KENNETH L. CAMPBELL, Defendant and Appellant.

922

## Counsel

Kenneth L. Campbell, in pro. per., for Defendant and Appellant.

Rosenberg & Link and Sid Rosenberg for Plaintiffs and Respondents.

## Opinion

**SPARKS, Acting P. J.**—Defendant Kenneth L. Campbell appeals in propria persona from a judgment granting a petition to declare a mobilehome abandoned. (Civ. Code, § 798.61.) ▮▮▮ Defendant contends that

the superior court lacked jurisdiction to enter a judgment of abandonment.[1] We agree and shall reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant has not caused a reporter's transcript to be prepared and filed in this case. The usual appellate disabilities which flow from this defect do not apply here because the jurisdictional defect is apparent from the face of the critical documents in the clerk's transcript.

As disclosed by that transcript, on June 6, 1991, plaintiffs John and Marianne Marlow filed a petition under the Mobilehome Residency Law (Civ. Code, § 798 et seq.) in the superior court against defendant and one Grace Olds seeking a judgment declaring a mobilehome had been abandoned. (Civ. Code, 798.61.) Plaintiffs alleged that they were the owners of Mountain Air Mobile Park, a mobilehome park in Grass Valley. They further alleged that defendant and Olds were joint owners of a mobilehome occupying a site in the park. On August 15, 1987, the averments continue, plaintiffs entered into a rental agreement with Olds for a site in the park at a monthly rental of $162. Plaintiffs sought a judicial declaration that the mobilehome occupying the site in question had been abandoned within the meaning of Civil Code section 798.61 in that the mobilehome was located in a mobilehome park on a site for which no rent has been paid to the management for the preceding 60 days, was unoccupied and management reasonably believed it to be abandoned. It was further alleged that plaintiffs properly caused a notice to be posted and given as required by the statute. Plaintiffs further sought an award of rent, storage and other charges due, reasonable attorney fees and costs, and an order permitting the public sale of the mobilehome and its contents.

---

[1]Paradoxically, defendant also contends that the judgment he appeals from is interlocutory in nature and thus is not appealable. In general, an interlocutory judgment is a "provisional determination of some or all issues in the cause." (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 7, p. 456.) Even though the judgment authorized a public sale of the mobilehome and directed the submission of an accounting of money received and the contents of the mobilehome, its declaration of abandonment and its award of damages and fees were final and unconditional. Thus, the judgment was appealable. Although not interlocutory, the appeal from the minute order granting the petition was premature. Nevertheless, the judgment was subsequently entered. "Under rule 2(c) of the California Rules of Court, however, we treat the notice of appeal as a premature but valid notice of appeal from the subsequently entered judgment . . . ." (*Turpin* v. *Sortini* (1982) 31 Cal.3d 220, 224, fn. 2 [182 Cal.Rptr. 337, 643 P.2d 954].)

Defendant further contends that the judgment is not supported by the evidence and that the California Supreme Court should hear and determine all of the issues in this appeal. Finally, he has labeled one of his undecipherable appellate contentions as "Credibility of Appellant." In light of our disposition of the case on jurisdictional grounds, we have no occasion to examine these contentions.

Defendant filed an answer in which he admitted that Olds had abandoned her interest in the mobilehome but he had not. He also denied that the mobilehome met the statutory criteria for an abandoned mobilehome. Defendant sought an award granting plaintiffs and himself joint possession and title to the disputed mobilehome and other relief.

The clerk's transcript next discloses that a hearing was held on the petition on June 24, 1991. Defendant appeared in propria persona and plaintiffs appeared by counsel. The record further discloses that one Katherine Kimmpy was sworn and testified as a witness, that arguments were heard and matter then submitted for decision. Finally, the record reveals that the trial court granted the petition. Judgment was subsequently entered on July 30, 1991, in favor of plaintiffs. The judgment declared that the mobilehome was abandoned, awarded plaintiffs rent in the sum of $5,690.93, storage costs equal to the rent due, and attorney fees in the sum of $500 together with costs, and authorized the public sale of the mobilehome and its contents not less than 30 days from the date of the judgment.

## DISCUSSION

■■ Defendant contends that the superior court does not have jurisdiction over abandonment petitions filed under the Mobilehome Residency Law because exclusive jurisdiction is vested by Civil Code section 798.61, subdivision (c), in the justice and municipal courts. This subdivision provides: "Thirty or more days following posting pursuant to subdivision (b), the management may file a petition in the *municipal* or *justice* court for the judicial district in which the mobilehome park is located for a judicial declaration of abandonment of the mobilehome. . . ." (Italics added.)

Plaintiffs argue that the "use of the word 'may' as opposed to 'shall' left to [them] the choice of forum. The availability of relief in municipal court did not preclude filing of the petition in Superior Court." Plaintiffs misapprehend the residual nature of the jurisdiction of the superior court.

Under the Constitution of California, "[s]uperior courts have original jurisdiction in all causes except those given by statute to other trial courts." (Cal. Const., art. VI, § 10.) But in the case of lower courts, the Constitution directs the Legislature to "prescribe the jurisdiction of municipal and justice courts. . . ." (Cal. Const., art. VI, § 5, subd. (a).) ■■ Superior courts, therefore, are " 'courts of general jurisdiction, while the jurisdiction of municipal courts is limited to cases and proceedings in which it is expressly conferred.' " (*Davis* v. *Superior Court* (1972) 25 Cal.App.3d 596, 599 [102 Cal.Rptr. 238].) But "[w]hen jurisdiction is given to municipal or justice

courts, the jurisdiction of the superior court is to that extent reduced. Thus, the jurisdiction of the courts inferior to the superior courts is carved out of that of the superior courts. . . ." (16 Cal.Jur.3d, Courts, § 138, pp. 541-542, fns. omitted.) It follows that the municipal court "does not have any concurrent jurisdiction with the superior court." (*Castellini* v. *Municipal Court* (1970) 7 Cal.App.3d 174, 176 [86 Cal.Rptr. 698].)

The statute under review vests jurisdiction in other trial courts, namely "the municipal or justice court." (Civ. Code, § 798.61, subd. (c).) Thus, by constitutional mandate the superior court does not have jurisdiction over the petition in question.

The California Constitution directs that "[e]ach county shall be divided into municipal court and justice court districts as provided by statute, . . ." (Cal. Const., art. VI, § 5, subd. (a).) It further provides, as we have noted, that "[t]he Legislature shall provide for the organization and prescribe the jurisdiction of municipal and justice courts. . . ." (*Ibid.*) Pursuant to these constitutional directives the Legislature created a municipal court in the County of Nevada. (Gov. Code, § 73820 et seq.) The Legislature has also generally prescribed the original jurisdiction of the municipal courts in civil cases in Code of Civil Procedure section 86. There it is provided that "[e]ach municipal and justice court has original jurisdiction of civil cases and proceedings as follows." The statute then lists 10 different types of actions, cases and proceedings. (Code Civ. Proc., § 86, subd. (a)(1)-(10).) It also lists three types of cases in equity over which the municipal court has jurisdiction. (Code Civ. Proc., § 86, subd. (b)(1)-(3).) In addition, section 86.1 of that code confers original jurisdiction in the municipal court over cases and proceedings brought pursuant to the Long-Term Care, Health, Safety, and Security Act of 1973 if the penalties do not exceed $25,000. ▇▇▇ None of these sections expressly refers to petitions for abandonment brought under the Mobilehome Residency Law pursuant to Civil Code section 789.61. That omission, however, is not determinative. As we have noted "[a] municipal court, however, is not a court of general jurisdiction. Its jurisdiction is limited by the Constitution to that prescribed by the Legislature." (*Bloniarz* v. *Roloson* (1969) 70 Cal.2d 143, 147 [74 Cal.Rptr. 285, 449 P.2d 221].) Thus, the critical question is not whether abandonment petitions are listed in Code of Civil Procedure section 86 but rather whether the Legislature has statutorily conferred jurisdiction upon the municipal court to hear petitions for abandonment under the Mobilehome Residency Law. If it did, then the exclusive jurisdiction over these petitions resides in the municipal court and not the superior court.

It is clear from the face of the statute that jurisdiction has expressly been conferred by the Legislature upon the municipal and justice courts and not

upon the superior court. Petitions for abandonment are to be filed "in the *municipal* or *justice* court for the judicial district in which the mobilehome park is located . . . ." (Civ. Code, § 798.61, subd. (c), italics added.) When the Legislature intended to confer jurisdiction upon the superior court in this statutory scheme it said so in equally plain language. Thus, for example, a petition for an injunction may be filed in the superior court under this law. "A petition for an order enjoining a continuing or recurring violation of any reasonable rule or regulation of a mobilehome park may be filed by the management thereof with the *superior court* for the county in which the mobilehome park is located." (Civ. Code, § 798.88, subd. (b), italics added.) The Mobilehome Residency Law itself then explicitly distinguishes between actions which may be brought in the superior court and those which must be prosecuted in the municipal or justice courts. We conclude therefore that the Nevada County Superior Court lacked jurisdiction to adjudicate petitions for abandonment under Civil Code section 798.61.

 Shifting ground, plaintiffs counter that even if petitions for abandonment under the Mobilehome Residency Law must be filed in the municipal court, their action should be construed as one requesting declaratory relief, a proceeding over which the superior court does have jurisdiction. It is true that in appropriate circumstances "the superior court's jurisdiction can be saved by construing the complaint as one for declaratory relief, . . ." (*Minor* v. *Municipal Court* (1990) 219 Cal.App.3d 1541, 1547 [268 Cal.Rptr. 919].) As the *Minor* court noted, declaratory relief is generally available where an actual controversy exists, among other things, as to property. (Code Civ. Proc., § 1060.) Ordinarily, the superior court has exclusive jurisdiction over such actions unless raised by cross-complaint in municipal court. (*Id.* at pp. 1547-1548.) Moreover, the fact that the complaint in question is not labeled one for declaratory relief is not dispositive. (*Id.* at p. 1548.) As Witkin notes, "since there are no forms of action, a declaration of rights will be upheld if the complaint states sufficient facts even though the pleader did not think he was proceeding under [Code of Civil Procedure section] 1060 and did not appropriately label his complaint." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 804, p. 247.)

But the petition in this case cannot be saved by construing it as a complaint for declaratory relief for two reasons. First, the petition sought, and the judgment granted, relief which could only be rendered in the special abandonment procedure under the Mobilehome Residency Law. Thus, the petition sought not only a declaration of abandonment but also back rent, storage costs, and attorney fees. The petition further sought an order permitting plaintiffs to enter the disputed mobilehome to conduct an inventory of its contents. Finally, the petition sought an order permitting plaintiffs to

conduct a sale of the mobilehome and its contents. This relief is wholly inconsistent with the claim that the petition to declare a mobilehome abandoned under Civil Code section 798.61 should somehow be construed as one for ordinary declaratory relief. Second, and more importantly, the statutory scheme contemplates that in the case of mobilehomes, it is the municipal court, and not the superior court, which has jurisdiction to hear petitions "for a judicial declaration of abandonment of the mobilehome." (Civ. Code, § 798.61, subd. (c).) This special and later enacted statute controls over the most general declaratory relief statute. (Code Civ. Proc., § 1859; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].)

Since jurisdiction over the petition in this case was exclusively vested in the municipal court, the Nevada County Superior Court lacked subject matter jurisdiction. ■ "Jurisdiction of the subject matter is sometimes referred to as jurisdiction 'in the fundamental or strict sense,' or the 'power to hear or determine the case.' . . ." (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 9, p. 374.) Only the municipal court has the power to hear and determine petitions for abandonment under the Mobilehome Residency Law. Lacking subject matter jurisdiction, the judgment of the superior court is void. As we explained in *People* v. *Ruiz* (1990) 217 Cal.App.3d 574, 584 [265 Cal.Rptr. 886], "[a]n act beyond a court's jurisdiction in the fundamental sense is void; it may be set aside at any time and no valid rights can accrue thereunder. . . ." Stated another way, "[s]ubject matter jurisdiction of California courts (*i.e.*, competence of a court to adjudicate a particular civil action) is governed by the state constitution and by statute. . . . [¶] Unlike personal jurisdiction, subject matter jurisdiction cannot be conferred on a court by consent of the parties, waiver, or estoppel. A judgment rendered by a court that does not have subject matter jurisdiction is void and unenforceable and may be attacked anywhere, directly or collaterally, by parties or by strangers." (Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1992) California Court Jurisdiction, § 13.3, pp. 13-5-13-6, citations omitted.) Lacking fundamental jurisdiction, the judgment of the superior court must therefore be reversed.

Code of Civil Procedure section 396 governs the transfer of cases when a court lacks subject matter jurisdiction. It provides in relevant part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has jurisdiction, the action or proceeding shall not be dismissed . . . but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or if they do not

agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, . . ." Accordingly, we shall direct the transfer of this cause to the municipal court.

### DISPOSITION

The judgment is reversed and the cause remanded to the superior court with directions to transfer the proceeding to the Municipal Court of Nevada County pursuant to Code of Civil Procedure section 396. Defendant is awarded his costs of appeal.

Scotland, J., and Raye, J., concurred.