Filed 6/1/21  Marriage of Adams CA6
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CRYSTAL A. ADAMS and KENNETH O. ADAMS, JR. | H047535 <br> (Monterey County <br> Super.Ct.No. DR54385) |
| CRYSTAL A. ADAMS, <br><br> Respondent, <br><br> v. <br><br> KENNETH O. ADAMS, JR., <br><br> Appellant. | |

This appeal is from a postjudgment order denying a request to set aside two prior spousal support orders.  On November 20, 2015, the trial court ordered appellant Kenneth O. Adams, Jr. to pay respondent Crystal A. Adams temporary spousal support of $1,782 per month.  Thereafter, a judgment of dissolution (status only) was entered in December 2016.  The parties had a hearing in April 2017 to address the reserved issue of spousal support.  On May 23, 2017, the court issued an order addressing reserved issues, concluding, inter alia, that the correct amount of spousal support arrearages owed by Kenneth[1] was $12,474 (rather than $14,256), and that Kenneth should pay reasonable

---

[1] "Hereafter, we refer to the parties by their first names, as a convenience to the reader.  We do not intend this informality to reflect a lack of respect.  [Citation.]"  (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1513, fn. 2.)

spousal support of $2,500 per month, effective November 30, 2016. In July 2019, Kenneth filed a request to set aside two orders, namely the temporary spousal support order of November 20, 2015, and the order of May 23, 2017. The court denied Kenneth's motion on October 23, 2019.

Kenneth appeals from that order. We will affirm.

## I.     PROCEDURAL HISTORY

Crystal filed a petition for dissolution of her marriage with Kenneth on July 25, 2013. The parties' date of separation, as ultimately determined by the court, was May 29, 2014. As also determined by the court, Crystal and Kenneth had a long-term marriage of 21 years. Kenneth filed a response to the petition on August 30, 2013.

On November 20, 2015, the court ordered that Crystal receive temporary spousal support from Kenneth of $1,782 per month, retroactive to September 1, 2015. On December 6, 2016, the court entered judgment of dissolution (status only). Among other matters, the court reserved "the issue of retroactivity for any change in the amount of child or spousal support back to November 30, 2016."

Commencing on April 3, 2017, the court conducted a two-day hearing on reserved issues that included a breach of fiduciary duty claim by Crystal against Kenneth, determination of spousal support arrearages, and a determination of permanent spousal support. On May 23, 2017, the court filed an order after submission of the case. The court found that Kenneth had breached his fiduciary duties owed to his spouse, Crystal. (See Fam. Code, §§ 721, subd. (b), 1100, subd. (e); *In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 569 ["[s]pouses have fiduciary duties to each other as to the management and control of community property" under Fam. Code, §§ 721, subd. (b), and 1100, subd. (e).)[2] The breach of fiduciary duty found by the court concerned Kenneth's "fail[ure] to provide [Crystal] with information concerning his business affairs

---

[2] All further unspecified statutory references are to the Family Code.

2

reasonably required for the proper exercise of a partner's ([Crystal's]) rights and duties, even though never demanded by [Crystal]." The court also found that Kenneth "was grossly negligent or reckless in his use of community assets in his business endeavors." And the court found that Kenneth's use of "community assets to support another child of his, and to support the mother of that child, constitute[d] intentional misconduct which [was] a breach of his fiduciary duties." The court concluded that as a result of Kenneth's breaches of fiduciary duty, there was "a total loss to the community in the sum of $54,590.15," and it awarded to Crystal half of that sum.

The court also recited in the May 23, 2017 order that Kenneth had claimed that the court had previously (on August 12, 2016) erred in having calculated the amount of spousal support arrearages as $14,256. The court, based upon Kenneth's evidence, concluded that the correct amount was $12,474. And the court found that Kenneth should pay reasonable spousal support of $2,500 per month, effective November 30, 2016. The court based this finding on the parties' having had a long-term marriage of 21 years, their current income and expenses, their assets and obligations, their marital standard of living, and other factors under section 4320. The court requested that Crystal's counsel prepare the judgment.

On July 13, 2017, Kenneth filed a declaration challenging the court's May 23, 2017 order.[3] He asserted that there were "disclosure and transparency issues prevalent throughout the case." He challenged the court's order reducing the spousal support arrearage amount and the order setting monthly spousal support at $2,500, contending in each instance that he did not "accept this offer to contract and [he did] not consent to these proceedings." In his filing, Kenneth listed six questions, which he requested the court to answer "within 15 days to allow [him] to take appropriate action."

---

[3] Although the "declaration" submitted by Kenneth contained an appropriate statement that it was made under penalty of perjury, the contents of the document consist chiefly of argument that is not properly included in a declaration. (See *In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 30.)

Two years later, on July 10, 2019, Kenneth filed a request to set aside orders (hereafter, the July 2019 request), specifying that he wished "to set aside temporary spousal support order and Order After Submission entered on 20 November 2015 and 23 May 2017[,] respectively." Kenneth asserted, inter alia, that the superior court had no jurisdiction (either personal or subject matter); the marriage license issued by the State of New York was void; and he was deprived of his property without due process. He contended in the July 2019 request that he had, in his July 13, 2017 declaration, "posed a question concerning the jurisdiction of the court—with the intent of having the court prove jurisdiction and provide the necessary supporting evidence—and to date, [he had] not received a response." He contended that through "[his] signature on the marriage license (contract). The STATE OF NEW YORK surreptitiously claimed to own [him], [his] wife and [his] children as chattel," and that he was entitled to rescind his signature from the license. And Kenneth claimed that the superior court had deprived him of due process by deciding his case without a jury.

On August 23, 2019, the court filed a judgment on reserved issues that appears to have been prepared by then-counsel for Crystal.[4] The judgment reflected matters addressed in the court's May 23, 2017 order, as well as other issues that had apparently been addressed at the hearing on April 3-4, 2017.[5]

The court conducted a hearing on September 6, 2019, on Kenneth's July 2019 request. After hearing argument, the court denied the request. The court, inter alia,

_____

[4] Two days before the judgment was filed, Kenneth filed a notice in which he objected to the submission by Crystal's counsel of a proposed judgment and stated that he did "not consent to these proceedings." He stated further that he was making a special appearance seeking to set aside the court's orders.

[5] The record does not include a reporter's transcript from the hearing that took place on April 3-4, 2017. Accordingly, we cannot determine what issues were addressed at that hearing, aside from what is reflected in the court's May 13, 2017 order or its judgment of August 23, 2019.

rejected Kenneth's jurisdictional challenge, noting that he had "voluntarily filed the response." A formal order was filed October 23, 2019 (the Order).

On November 6, 2019, Kenneth filed a notice of appeal from the court's Order of October 23, 2019.

## II.    DISCUSSION

### A.    Appealability

We first clarify what matters are, and are not, subject to appeal by Kenneth in this case.

A judgment of dissolution (status only) was entered on December 6, 2016, and a notice of entry of that judgment was served by the clerk on December 13, 2016. That judgment was immediately appealable. (*In re Marriage of Turfe* (2018) 23 Cal.App.5th 1118, 1120, fn. 1.) No appeal was taken within the time provided by law. (See Cal. Rules of Court, rule 8.104(a)(1)(B) [appeal must be filed within 60 days of notice of entry of judgment].)[6] That judgment is final and cannot be challenged by appeal herein. (Rule 8.104(b) ["[N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal."]; see *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister Convalescent*) ["timely filing of an appropriate notice of appeal . . . is an absolute prerequisite to the exercise of appellate jurisdiction"]) Further, to the extent that Kenneth's appeal may be construed as a challenge to the court's temporary spousal support order entered on November 20, 2015, more than one year before the judgment of dissolution (status only),[7] no appeal may be properly taken. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2020), ¶ 2:63 ["the time for appeal on issues

---

[6] All further unspecified rule references are to the California Rules of Court.

[7] It must be noted that in the Order from which this appeal was taken, the court denied Kenneth's July 2019 request, wherein he sought to set aside, among other orders, the temporary spousal support order of November 20, 2015.

5

resolved by that judgment (the marriage 'status' issues) runs from notice of entry of that judgment"].)

A judgment on reserved issues was filed on August 23, 2019. As noted, the judgment reflected, inter alia, matters addressed in the court's May 23, 2017 order. Notice of entry of that judgment was filed and served on August 23, 2019. No notice of appeal of that judgment on reserved issues was timely filed, and that judgment is final. (See rule 8.104(a), (b)(1)(B); *Hollister Convalescent*, *supra*, 15 Cal.3d at p. 670.) Thus, to the extent Kenneth's appeal may be construed as a challenge to the matters in that August 23, 2019 judgment, we will not consider such challenge.[8]

The notice of appeal reflects that it is from the court's Order of October 23, 2019. That Order, as an order entered following an appealable judgment (i.e., the judgment on reserved issues of August 23, 2019), was appealable. (Code Civ. Proc, § 904.1, subd. (a)(1); see *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377-1378 [postjudgment order denying parent's request to modify prior stipulated order governing parenting schedule for child was appealable].)

## B. Standard of Review

It is generally the case in motions brought before the trial court that "the moving party . . . has the burden of proving every fact essential to the relief requested. [Citation.]" (*Corns v. Miller* (1986) 181 Cal.App.3d 195, 200; see also *People v. Lopez* (1997) 52 Cal.App.4th 233, 251 [" '[o]n all motions the burden is on the moving party' "].) Here, Kenneth, as the moving party, had the burden of establishing the grounds necessary for the superior court to set aside its orders of November 20, 2015 (temporary spousal support) and May 23, 2017 (order after trial of reserved issues).

---

[8] Kenneth argues in his opening brief, for example, that the court should not have entered judgment on August 23, 2019, because of the pendency of his July 2019 request to set aside orders. This is an attack on the August 23, 2019 judgment on reserved issues that we will not address because that judgment is final.

6

As the California Supreme Court has recently reiterated, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Any ambiguities in the record are resolved in favor of affirmance of the judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) Furthermore, an appellate court, "[a]s an aspect of the presumption that judicial duty is properly performed, . . . presume[s] . . . that the [trial] court knows and applies the correct statutory and case law." (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)

It is the appellant's burden to overcome the presumption of correctness by demonstrating error, through an adequate record, requiring reversal. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) This burden exists, regardless of whether the respondent has submitted argument in support of the appealed judgment or order. (See *Fleming Distribution Company v. Younan* (2020) 49 Cal.App.5th 73, 84 (*Fleming*) [order denying petition to arbitrate on basis of petitioner's waiver affirmed, even though respondent did not address waiver issue in appellate brief]; *Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226 (*Kriegler*) [appellant required to demonstrate error even if respondent did not file appellate brief].)[9]

---

[9] Crystal filed a respondent's brief. Kenneth in his reply brief asserts that Crystal has not responded to the legal issues he presented in his opening brief. To the extent that Kenneth suggests that Crystal's failure to respond to his arguments in any way lessens his burden to demonstrate error, he is incorrect. (See *Fleming*, *supra*, 49 Cal.App.5th at p. 84; *Kriegler*, *supra*, 269 Cal.App.2d 2at p. 226.)

Questions regarding subject matter and in personem jurisdiction, where the facts are not in dispute, are reviewed on appeal de novo. (*Gilliland v. Medical Board* (2001) 89 Cal.App.4th 208, 211-212.)

## C. Appeal of October 23, 2019 Order

Kenneth argues that he challenged jurisdiction in his July 2019 request to set aside orders, as well as in his July 2017 declaration. He asserts that "[t]he legal basis [for this argument] is provided in the Element of the Action." This is presumably a reference to the prior section of Kenneth's opening brief, wherein he argues that (1) jurisdiction may be challenged at any time; (2) once there is a challenge, jurisdiction must be proven; and (3) where a judgment is entered in a case where there is a lack of subject matter or personal jurisdiction, the judgment must be set aside.

### 1. Procedural Defects

The jurisdictional argument in Kenneth's opening brief is procedurally defective in several respects. First, in the argument section of his brief, he fails to provide any citations to the appellate record in support of his position that the court lacked jurisdiction. The failure to provide proper citations to the appellate record—here, to either the clerk's or reporter's transcript—to support matters referred to in the court below violates court rules. (See rule 8.204(a)(1)(C) [matters referenced from the record in appellate briefs must be supported "by a citation to the volume and page number of the record where the matter appears"].) The appellate court may disregard any contentions made without citation to the record supporting them. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; see also *In re S.C.* (2006) 138 Cal.App.4th 396, 406 [appellate court is not required to search the record to discover support for litigant's position].)

Second, Kenneth's argument that the court lacked jurisdiction is entirely conclusory in that he fails to explain specifically *why* the court lacked jurisdiction. Where the appellant's brief presents only a perfunctory argument, the appellate court will

8

deem that argument abandoned.  (*Nisei Farmers League v. Labor & Workforce Development Agency* (2019) 30 Cal.App.5th 997, 1018.)

Third, Kenneth has failed to cite legal authority in support of his position that, *in this case*, the court lacked jurisdiction.[10]  A party's failure to cite legal authority for a position in his or her appellate brief "amounts to an abandonment of the issue."  (*People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284; see also *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court has no obligation to "develop the appellants' arguments for them"].)

We acknowledge that Kenneth is representing himself in this appeal and has not had the formal legal training that would be beneficial in advocating his position.  However, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  Thus, "[w]hen a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys."  (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Although we could treat Kenneth's jurisdictional argument as abandoned because of the procedural defects we have noted, we will, as described below, address the arguments here.

### 2. Subject Matter Jurisdiction

It is elemental that a court must have jurisdiction over the subject matter of the case in order to proceed.  As has been explained, " 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the

---

**10** We acknowledge that Kenneth cited to several federal cases concerning his general contention that jurisdictional objections may be asserted at any time.  None of these cases, however, provide any basis for the argument that the court in this case lacked either subject matter or in personem jurisdiction.

case, an absence of authority over the subject matter . . . .' [Citations.] 'Jurisdiction in any proceeding is conferred by law; that is, by the Constitution or by statute. Jurisdiction of the subject-matter cannot be given, enlarged, or waived by the parties." [Citations.] An order entered by a court without subject matter jurisdiction is also void and subject to collateral attack. [Citation.]" (*In re Marriage of Jensen* (2003) 114 Cal.App.4th 587, 593.) Because such a defect may not be waived, " '[a] judgment rendered by a court that does not have subject matter jurisdiction is void and unenforceable and may be attacked anywhere, directly or collaterally, by parties or by strangers.' [Citation.]" (*Marlow v. Campbell* (1992) 7 Cal.App.4th 921, 928; see also *Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 876, fn. 1 ["court's lack of subject matter jurisdiction is never waived and can be raised for the first time on appeal"].)

Although Kenneth emphasizes the legal principles stated immediately above—i.e., that a defect in subject matter jurisdiction is nonwaivable and may be asserted at any time—he provides no legal argument as to the *legal basis* for his assertion that the court lacked subject matter jurisdiction here. Under section 200, "[j]urisdiction in *all proceedings under the Family Code* rests with the *superior court*. [Citation.]" (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2020) ¶ 3.2, original italics.) "The superior court's jurisdiction over Family Code proceedings is *exclusive*." (*Id.,* ¶ 3.3, original italics.) Here, the superior court plainly had subject matter jurisdiction.

### 3. *Personal Jurisdiction*

Kenneth does not state the legal basis upon which he claims that the court did not have personal jurisdiction. Rather, he argues conclusorily that judgments for which personal jurisdiction is lacking must be set aside. He challenged jurisdiction below in his July 2019 request, indicating that the judgments erroneously reflected that the court acquired jurisdiction over Kenneth on August 1, 2013, a date prior to his filing of a response. We need not address this conclusory argument. "[Kenneth's] conclusory

10

presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate. We therefore treat the issue as abandoned and do not address it on the merits. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Further, to the extent Kenneth's argument constitutes an attack on either the judgment (status only) entered December 6, 2016, or the judgment on reserved issues entered August 23, 2019, we may not consider either such challenge since no appeal was taken from either judgment. (See rule 8.104(b); (a)(1)(B); *Hollister Convalescent*, *supra*, 15 Cal.3d at p. 670.)

Moreover, Kenneth's challenge to personal jurisdiction was untimely. In this respect, Kenneth is incorrect in contending that a party may challenge personal jurisdiction at any time. " 'An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. [Citations.]' [Citation.] Filing an answer on the merits constitutes a general appearance. [Citations.] . . . Once [a party] file[d an] answer[] . . . [he or she] became subject to the trial court's personal jurisdiction and lost his or her right to quash the service." (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.)

Crystal filed her petition in July 2013. Kenneth thereafter filed his response in August 2013. There is nothing in the record indicating that he challenged personal jurisdiction at that time. In fact, in his opening brief, Kenneth indicates that he raised a challenge to jurisdiction some six years later, in his July 2019 request to set aside orders.[11] The trial court correctly concluded that Kenneth's personal jurisdiction

---

[11] Kenneth also contends he asserted a jurisdictional challenge in his July 2017 declaration challenging the trial court's May 23, 2017 order. But that declaration does not make a specific argument challenging subject matter or personal jurisdiction. Instead, it simply asked the question to the court, "What is the jurisdiction of SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY (the Court) now and what was the jurisdiction at all times during case DR54385 proceedings and decisions (e.g., Equity/Admiralty court)?"

challenge had no merit because he had voluntarily submitted to personal jurisdiction of the superior court by filing a response.

### *4.* *Conclusion*

A fundamental appellate principle is the presumption of correctness of a trial court judgment or order. (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) It was Kenneth's burden as the appellant to overcome that presumption by demonstrating by an adequate record that the court committed error that requires reversal. (*Id.* at p. 609.) Kenneth has failed to meet that burden of showing that the court erred in denying his July 2019 request to set aside orders.

## III. DISPOSITION

The October 23, 2019 Order is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
GROVER, J.

*Adams v. Adams*
**H047535**