Filed 12/3/25  Oehlert v. Cherednychenko CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| OEHLERT et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>OLENA CHEREDNYCHENKO,<br><br>    Defendant and Appellant JOHN<br><br>. | A171003<br><br>(San Mateo County Sup. Court No. 18-CIV-04922) |

Defendant Olena Cherednychenko appeals from the trial court's judgment awarding declaratory and injunctive relief against her in this property dispute between neighbors.  We affirm.

I.
BACKGROUND

Cherednychenko is the downhill neighbor of plaintiffs John and Elizabeth Oehlert.  Acting individually and as trustees of their marital trust, the Oehlerts brought this action to stop Cherednychenko and her then-husband from obstructing a drainage system that operates on the parties' adjoining properties.  The first and second causes of action were for nuisance and trespass, and the third and fourth were for injunctive and declaratory

1

relief.[1]  Cherednychenko filed a cross-complaint, alleging negligence, fraud, slander and libel, invasion of privacy, trespass, and loss of consortium.

During the course of discovery, the Oehlerts served Cherednychenko with a second set of requests for admissions that included 21 requests aimed at the allegations in her cross-complaint.  The requests sought admissions that Cherednychenko did not have evidence that plaintiffs had been intentionally or maliciously pumping water onto her property, or that plaintiffs had committed fraud against her, or that plaintiffs had invaded her privacy or trespassed on her property.  Cherednychenko did not respond, and the Oehlerts successfully moved to have the requests deemed admitted and for sanctions in the amount of $428.  The hearing on the Oehlerts' motion occurred on October 5, 2022.

Cherednychenko then moved for reconsideration of the order under Code of Civil Procedure, section 1008,[2] seeking relief from the sanctions and asking to be re-served "with amended requests, which are only related to my Cross-Complaint, and those that were not answered . . . previously."  In support of the motion, she stated she had failed to answer the requests because she was preoccupied with assisting Ukrainian war victims.  She did not move under section 2022.300 to withdraw or amend the requests that had been deemed admitted.

A hearing was held on the motion on November 9, 2022.  The trial court denied the motion that day, stating "The Motion of . . . Cherednychenko for Reconsideration of Sanctions in the amount of $428.00 is [denied].  A party

---

[1] Although a default judgment was entered against Cherednychenko and her then-husband on the complaint, the judgment was set aside by this court in June 2020, and the case was thus allowed to proceed.  (*Oehlert v. Cherednychenko* (June 5, 2020, A157549) [nonpub. opn.].)

[2] All statutory citations are to the Code of Civil Procedure.

seeking reconsideration under . . . section 1008 must not only show new or different facts, circumstances or law, but must also show satisfactory explanation for failing to provide the evidence earlier.  [Citation.] [Cherednychenko] fails to address why she did not present this evidence earlier since these facts were available prior to and at the time of the . . . hearing.  . . .  [¶] As to [Cherednychenko's] 'Motion' that [the Oehlerts] should have to serve her with 'amended' discovery requests[, it] is procedurally improper and is DENIED."  Five days after the hearing, Cherednychenko "belatedly" (as she characterizes it) provided verified responses to the requests for admission, and she denied all requests.

The Oehlerts then moved for summary judgment on Cherednychenko's cross-complaint, based on the deemed admissions.  In its order granting the motion, the trial court described the procedural history surrounding the deemed admissions.  It recounted that Cherednychenko's opposition to the motion to deem the requests admitted "*did not* include verified responses to the requests for admissions.  Rather [Cherednychenko] merely took the position that [the Oehlerts] should have to re-serve the multiple sets of requests for admissions upon her[] again." (Original italics.)  It then recounted that after the requests were deemed admitted "Cherednychenko file[d] a Motion for Reconsideration, but the motion only sought reconsideration of the *monetary sanctions* awarded against her, and the notice of motion and motion *did not* request reconsideration of the Order deeming the matters to be admitted.  The motion for reconsideration of the monetary sanctions was denied.  Again, Cherednychenko did not include any (proposed) verified responses to [the] requests for admissions."  (Original italics.)  Given the binding nature of the admissions, which negated at least one element of each of Cherednychenko's causes of action in her cross-

3

complaint, the trial court granted the motion for summary judgment. Judgment was later entered on the cross-complaint when judgment was entered on the original complaint.

After summary judgment was granted in their favor on the cross-complaint, the Oehlerts dismissed their nuisance and trespass causes of action alleged in their complaint and filed a partial satisfaction of judgment. It stated that the "non-monetary portions of the judgment remain in full force and effect (ie the permanent injunction)." A bench trial was held, the trial court again found in favor of the Oehlerts and entered judgment in their favor. The judgment required Cherednychenko "to remove any obstruction of the drainage pipes," and to act in concert with others "to ensure such pipes are properly functioning for their intended purpose" and to take no action "to restrict the functionality of the drainage pipes . . . or otherwise prevent water from flowing through such drainage pipes."

Cherednychenko filed a motion to vacate the judgment, arguing for the first time that because the nuisance and trespass causes of action had been dismissed, the trial court lacked authority to enter a judgment based only on the claims for declaratory and injunctive relief. Before the motion was decided, Cherednychenko filed her notice of appeal.

## II.
### DISCUSSION

1. The Trial Court Had the Authority to Decide the Oehlerts' Claims for Declaratory and Injunctive Relief Even Though Plaintiffs Dismissed Their Nuisance and Trespass Causes of Action.

Cherednychenko first argues that the trial court lacked jurisdiction to grant the Oehlerts' claims for declaratory and injunctive relief. Focusing primarily on the request for injunctive relief, she contends that the claims are forms of relief—not independent causes of action—over which the court

4

lacked authority to resolve once the complaint's tort causes of action were dismissed. We are not persuaded.[3]

We begin with the text of section 1060, which authorizes declaratory relief. It provides that "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises . . . . He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

An action brought under this section "provides litigants with a quick, efficient means of resolving a disputed issue." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897.) "Unlike coercive relief (such as damages, specific performance, or an injunction) in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares the legal relationship between the parties." (*Id.* at p. 898.) And "a party may request declaratory relief as a prophylactic measure before a breach occurs." (*Ibid.*) So long as "an actual controversy exists, a party need

---

[3] We need not address the Oehlerts' argument that Cherednychenko forfeited this argument by not raising it until a post-trial motion. Even assuming without deciding that the issue was forfeited, we exercise our discretion to address the issue since it is purely one of law on undisputed facts. (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1709.)

not wait for a damages claim to arise or ripen before pursuing declaratory relief." (*Stronghold Engineering Inc. v. City of Monterey* (2023) 96 Cal.App.5th 1203, 1210.) Real estate disputes are among the types of actual controversies for which declaratory relief may be particularly appropriate. (See *Tashakori v. Lakis* (2011) 196 Cal.App.4th 1003, 1011–1012 [claim for equitable easement properly construed as a claim for declaratory relief]; *Marlow v. Campbell* (1992) 7 Cal.App.4th 921, 927 [declaratory relief generally available in property disputes involving an actual controversy].)

Nothing in this body of law requires a claim for declaratory relief to be tied to another cause of action, as its only prerequisite is for the parties to have an actual dispute, which is readily satisfied here despite Cherednychenko's perplexing claim to the contrary. Accordingly, the trial court had authority to rule on the claim for declaratory relief—i.e., declare the legal relationship between the neighbors as to their rights and obligations regarding the drainage system. And having had the authority to declare this relationship, it then had the corresponding authority to order injunctive relief. A claim for declaratory relief contemplates not only a "a declaration of rights or duties"—which "may be either affirmative or negative"—but also an award of "other relief."[4] (§ 1060.)

---

[4] We therefore need not decide whether the trial court would have had the power to grant injunctive relief if no declaratory relief had been sought and awarded.

2. The Trial Court Properly Granted Summary Judgment on the Cross-Complaint, Because It Did Not Abuse Its Discretion in Denying Cherednychenko's Motion to Reconsider the Order Deeming the Requests Admitted.

Cherednychenko next argues that the trial court erred in granting summary judgment on her cross-complaint. Because the court ruled on the basis of deemed admissions, we "look through the summary judgment" to evaluate the validity of the order deeming the requests admitted. (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977 (*Wilcox*).) Here, while Cherednychenko does not argue that the order deeming the requests admitted was itself invalid, she argues that the court erred in denying her motion to reconsider it under section 1008.

We begin by observing that the trial court's order deeming the requests admitted appears to have been mandatory. Under section 2033.280, when a party fails to serve a timely response to a request for admissions, the court "shall" order that "the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction," unless it "finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the request for admission" that comply with the rules governing answers. The hearing on the Oehlerts' motion to deem the requests admitted took place on October 5, 2022, but Cherednychenko did not provide proposed verified responses until well over a month later.

Rather than arguing the deemed-admitted order was improper, Cherednychenko argues that the court abused its discretion in denying her motion under section 1008 to reconsider it. The argument is meritless. Section 1008 permits a party affected by a trial court order to file a motion "upon new or different facts, circumstances or law" requesting the court to

"reconsider the matter and modify, amend, or revoke the prior order." We overturn a trial court's decision denying a motion for reconsideration only if there was an abuse of discretion. (See *Wilson v. The La Jolla Group* (2021) 61 Cal.App.5th 897, 921.) Under this standard, "[w]e will reverse only if the . . . order was arbitrary, capricious, or whimsical. It is appellant's burden to affirmatively demonstrate error and where the evidence is in conflict, we will affirm the trial court's findings." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224.) Under the abuse of discretion standard, " ' "[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 551.)

In denying the motion for reconsideration, the trial court explained that "[a] party seeking reconsideration under . . . section 1008 must not only show new or different facts, circumstances or law, but must also show a satisfactory explanation for failing to provide the evidence earlier. [Citation.] [Cherednychenko] fails to address why she did not present this evidence earlier since these facts were available prior to and at the time of the October 5, 2022 hearing. . . . [¶] As to [Cherednychenko's] 'Motion' that [the Oehlerts] should have to serve her with 'amended' discovery requests[, it] is procedurally improper and is [denied]."

Thus, the court's order denying the motion for reconsideration was based on its finding that Cherednychenko failed to satisfactorily explain why she had not earlier presented her evidence of new or different facts, including her explanation that she was preoccupied with helping Ukrainian war victims. On appeal, Cherednychenko does not address this basis for the court's order, and any such argument has therefore been forfeited. In any

8

event, even setting aside the forfeiture concern, we cannot conclude that the court's ruling that Cherednychenko failed to adequately explain her delay amounted to an abuse of discretion.

Both parties argue that *Wilcox* provides guidance, but the case has limited relevance. In *Wilcox*, a minor and his parents brought an action for medical malpractice. (*Wilcox*, *supra*, 21 Cal.4th at p. 973.) The defendant served the minor with requests for admissions, essentially asking the minor to admit that the defendant had not been negligent. The minor failed to timely respond, and although he submitted proposed answers to the requests before the hearing, they were unverified. The trial court deemed the requests admitted. (*Ibid.*) The minor then served verified responses to the requests and moved for a reconsideration of the court's order under former section 2033, subdivision (m). (*Wilcox,* at p. 973.) The court denied the motion, finding that it had no discretion to reconsider the order under then-existing appellate precedent. The defendant then moved for summary judgment, which the court granted based solely on the deemed admissions. (*Ibid.*) The Supreme Court concluded that the appellate precedent was wrong, and it held that section 2033, subdivision (m) *did* confer discretion on trial courts to permit the withdrawal or amendment of admissions deemed admitted for failure to respond. (*Wilcox*, at p. 973.)

In 2005, section 2033, subdivision (m) was recodified as section 2033.300, and it allows a court "to permit withdrawal or amendment of an admission only it if determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits." (Assem. Bill No. 3081 (2003–2004 Reg. Sess.) ch. 182, § 23, operative July 1, 2005.) As we have said,

9

Cherednychenko's motion for reconsideration was based on section 1008, *not* section 2033.300. Thus, *Wilcox*'s interpretation of section 2033.300's statutory predecessor is not particularly helpful in evaluating whether the trial court abused its discretion in denying the motion brought under section 1008.

Cherednychenko ignores obvious context in arguing that the trial court incorrectly found "that no motion for leave to amend or reconsideration had ever been filed." According to her, the trial court's "[m]ischaracterize[ation] of] [her] motion and then using that mischaracterization to deny relief [was] illogical and erroneous." The argument is disingenuous. It is true that in distinguishing *Wilcox* the court remarked, "Cherednychenko never brought a motion for reconsideration or other motion seeking relief from the Order deeming matters admitted." The context of this remark, however, makes it clear that the court was *not* suggesting that Cherednychenko filed no motion for reconsideration whatsoever. Indeed, in a paragraph preceding the remark, the court explicitly acknowledged that "Cherednychenko file[d] a Motion for Reconsideration," but it explained that "the motion only sought reconsideration of the *monetary sanctions* awarded against her, and the notice of motion and motion *did not* request reconsideration of the Order deeming the matters to be admitted." Thus, the court's remark is properly construed as conveying that Cherednychenko filed no motion seeking relief from the order *to the extent it deemed matters admitted*—not that she filed no motion for reconsideration.

Finally, even if the court should have construed the motion for reconsideration as having been filed under section 2033.300 to withdraw or amend the deemed admissions, Cherednychenko has failed to show that the trial court abused its discretion in denying it. *Wilcox* stands for the

10

proposition that courts are not precluded from exercising their discretion to reconsider deemed admitted rulings, not that they must exercise their discretion by categorically granting reconsideration requests. (*Wilcox*, *supra*, 21 Cal.4th at p. 973.) Unlike the trial court in *Wilcox*, the court here did not incorrectly assume that it lacked the ability to provide relief. And there is simply nothing in the record to support the notion that the court's denial of the motion—based on any implied determination that the deemed admissions were not the result of mistake, inadvertence, or excusable neglect—was " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

## III.
### DISPOSITION

The judgment is affirmed. The Oehlerts are awarded appellate costs.

11

_____

Humes, P. J.


WE CONCUR:



_____

Langhorne Wilson, J.



_____

Smiley, J.




*Oehlert v Cherednychenko.* A171003